OPINION *Page 2 
{¶ 1} Defendant-appellant Joseph E. Saunders appeals his convictions and sentences in the Licking County Court of Common Pleas on three counts of compelling prostitution in violation of R.C. 2907.21(A) (4) and three counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A) (B)(3). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} Joseph E. Saunders admitted in open court and under oath that between June 1, 2005 and November 20, 2005, he, along with a co-defendant, Garry Bly, brought K. C, then aged 13, to their home, with the consent of her father and performed sex acts with her. In exchange, he paid her $5.00 on each occasion.
 {¶ 3} Appellant was indicted on the six felony counts on December 9, 2005. On March 23, 2006, appellant pleaded guilty to each of the six counts in the indictment. The trial court deferred sentencing and ordered that a pre-sentence investigation report be prepared.
 {¶ 4} On April 18, 2006, a sentencing and sexual predator hearing was held by the trial court.
 {¶ 5} At sentencing, the court was informed that this was appellants' second sexual oriented conviction; the first victim being his daughter some 20 years before the incidents in this appeal.
 {¶ 6} Appellant is 70 years old and has suffered from cancer and is losing his eyesight. Appellant apologized to the court and noted that for a significant period of time *Page 3 
he had led a law abiding life. Furthermore, he has concerns about being able to spend time with his 92 year old mother.
 {¶ 7} In the Judgment Entry of Sentencing filed April 18, 2006, the trial court noted: "[t]he Court determines consecutive sentences are necessary to protect the public and to punish the offender; that the consecutive sentences are not disproportionate to the conduct and the danger the offender poses; and that the harm is so great that a single term does not adequately reflect the seriousness of the conduct. As further basis for the imposition of consecutive sentences, the Court notes the following: the offender has a prior sex offense involving a minor; the offender has no remorse; and this crime involved exchanging money and gifts for sexual acts". The court further noted that appellant abused a position of trust. (Sent. T., April 18, 2006 at 10-11).
 {¶ 8} The court sentenced appellant to four years on each of the six felony counts and also ordered that the terms be served consecutively, for a total sentence of twenty-four years. The court further classified appellant as a sexual predator.
 {¶ 9} Appellant filed a timely notice of appeal and herein raises the following two assignments of error for our consideration:
 {¶ lO} "I. THE IMPOSITION OF A 24 YEAR SENTENCE ON A 69 YEAR OLD MAN IN POOR HEALTH WHO HAS LIVED A SUBSTANTIAL NUMBER OF YEARS AS A LAW-ABIDING CITIZEN IS AN ABUSE OF THE TRIAL COURT'S DISCRETION.
 {¶ ll} "II. SAUNDER'S TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO ARGUE AGAINST CONSECUTIVE SENTENCES AND OBJECT TO THEM." *Page 4 
 I. {¶ 12} In his first assignment of error appellant argues that the trial court abused its discretion by imposing consecutive sentences. We disagree.
 {¶ 13} As this Court has noted in State v. Firouzmandi 5th Dist No. 2006-CA-41, 2006-Ohio-5823, there is no constitutional right to an appellate review of a criminal sentence.Moffitt v. Ross (1974), 417 U.S. 600, 610-11, 94 S.Ct. 2437, 2444;McKane v. Durston (1894), 152 U.S. 684, 687, 14 S. Ct. 913. 917;State v. Smith (1997), 80 Ohio St.3d 89, 1997-Ohio-355, 684 N.E.2d 668.
 {¶ 14} Although the Ohio Constitution does not expressly provide for a "right" to appeal, Article IV, Section 3(B)(1)(f) does provide for the establishment of an appellate court system. Section 2505.03 of the Ohio Revised Code further provides that: "[e]very final order, judgment, or decree of a court and, when provided by law, the final order of any administrative officer, agency, board, department, tribunal, commission, or other instrumentality, may be reviewed. . . unless otherwise provided by law." In addition, Rule 3(A) of the Ohio Rules of Appellate Procedure make every litigant entitled to "[a]n appeal as of right. . . by filing a notice of appeal. . . within the time allowed by Rule 4. . . "
 {¶ 15} In Atkinson v. Grumman Ohio Corp. (1988), 37 Ohio St. 3d 80, the Ohio Supreme Court interpreted Article IV, Section 3(B) (1) (f) , Section 2505.03, and Rule 3(A), and concluded: "[b]y developing a process of appellate review, states provide litigants with a property interest in the right to appeal. Clearly, litigants cannot be deprived of this right without being granted due process of law". Id. at 85.
 {¶ 16} An individual has no substantive right to a particular sentence within the range authorized by statute. Gardner v. Florida (1977),430 U.S. 349, 358, *Page 5 97 S.Ct. 1197, 1204-1205. In other words "[t]he sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of habeas corpus. It is not the duration or severity of this sentence that renders it constitutionally invalid. . .." Townsend v. Burke (1948), 334 U.S. 736, 741, 68 S.Ct. 1252,1255. However, "[t]he defendant has a legitimate interest in the character of the procedure which leads to the imposition of sentence even if he may have no right to object to a particular result of the sentencing process. See Witherspoon v. Illinois, 391 U.S. 510, 521-523,88 S.Ct. 1770, 1776-1778, 20 L.Ed.2d 776". Gardner v. Florida (1977),430 U.S. 349, 358, 97 S.Ct. 1197, 1204-1205.
 {¶ 17} In Williams v. New York(1949), 337 U.S. 241, 69 S.Ct. 1079, the United States Supreme Court noted that the Due Process Clause of theFourteenth Amendment did not require a judge to have hearings and to give a convicted person an opportunity to participate in those hearings when he came to determine the sentence to be imposed. See, Spect v.Patterson (1967), 386 U.S. 606, 606, 87 S.Ct. 1209, 1210. The Court explained this principal in Chapman v. United States (1991),500 U.S. 453, 111 S.Ct. 1919 as follows: "[e]very person has a fundamental right to liberty in the sense that the Government may not punish him unless and until it proves his guilt beyond a reasonable doubt at a criminal trial conducted in accordance with the relevant constitutional guarantees. Bell v. Wolfish, 441 U.S. 520, 535, 536, and n. 16,99 S.Ct. 1861, 1871, 1872, and n. 16 (1979). But a person who has been so convicted is eligible for, and the court may impose, whatever punishment is authorized by statute for his offense, so long as that penalty is not cruel and unusual, McMillan v. Pennsylvania, 477 *Page 6 6 U.S. 79, 92, n. 8, 106 S.Ct. 2411, 2419, n. 8, 91 L.Ed.2d 67 (1986);Meachum v. Fano, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451
(1976), and so long as the penalty is not based on an arbitrary distinction that would violate the Due Process Clause of theFifth Amendment. In this context, as we noted in Jones v. United States,463 U.S. 354, 362, n. 10, 103 S.Ct. 3043, 3048, n. 10, 77 L.Ed.2d 694
(1983), an argument based on equal protection essentially duplicates an argument based on due process". Id. at 465, 111 S.Ct. at 1927. (Emphasis in original).
 {¶ 18} The Courts have recognized the conundrum in determining what process is due a defendant at sentencing. In discussing the historical swing from a sentencing philosophy based upon incarceration as retribution for criminal behavior to a sentencing system encouraging reformation and rehabilitation of offenders the Court in United Statesv. Grayson (1978), 438 U.S. 41, 98 S.Ct. 2610 noted: "[indeterminate sentencing under the rehabilitation model presented sentencing judges with a serious practical problem: how rationally to make the required predictions so as to avoid capricious and arbitrary sentences, which the newly conferred and broad discretion placed within the realm of possibility." Id. at 28, 98 S.Ct. at 2614.
 {¶ 19} Under Ohio law judicial fact-finding is no longer required before a court imposes consecutive or maximum prison terms. SeeState v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856;State v. Mathis, 109 Ohio St.3d 54, 846 N.E.2d 1, 2006-Ohio-855. Instead, the trial court is vested with discretion to impose a prison term within the statutory range. See Mathis, supra at ¶ 36. In exercising its discretion, the trial court must "carefully consider the statutes that apply to every felony case [including] R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which *Page 7 
provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender [and] statutes that are specific to the case itself." Id. at ¶ 37. Thus, post-Foster, "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to 'consider' the statutory factors."Foster at ¶ 42. State v. Rutter, 5th Dist. No. 2006-CA-0025, 2006-Ohio-4061; State v. Delong, 4th Dist. No. 05CA815, 2006-Ohio-2753 at ¶ 7-8. Therefore, post-Foster, trial courts are still required to consider the general guidance factors in their sentencing decisions.
 {¶ 20} There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. State v.Polick (1995), 101 Ohio App.3d 428, 431; State v. Gant, Mahoning App. No. 04 MA 252, 2006-Ohio-1469, at ¶ 60 (nothing in R.C. 2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings), citing State v. Cyrus (1992),63 Ohio St.3d 164, 166; State v. Hughes, Wood App. No. WD-05-024, 2005-Ohio-6405, at ¶ 10 (trial court was not required to address each R.C. 2929.12 factor individually and make a finding as to whether it was applicable in this case), State v. Woods, 5th Dist. No. 05 CA 46,2006-Ohio-1342 at ¶ 19 (". . .R.C. 2929.12 does not require specific language or specific findings on the record in order to show that the trial court considered the applicable seriousness and recidivism factors"). (Citations omitted).
 {¶ 21} However, Foster did modify an appellate court's standard of review concerning sentencing. Pre-Foster, an appellate court could increase, reduce, modify or vacate and remand a sentence if it found, by clear and convincing evidence, that the record did not support the trial court's findings of fact or that the sentence was otherwise *Page 8 
contrary to law. R.C. 2953.08(G) (2). The Foster Court's removal of R.C. 2953.08(G)(2) from the statutory sentencing scheme eliminated the clear and convincing standard and left a void concerning the applicable standard of review in sentencing matters. State v. Windham,
9th Dist. No. 05CA0033, 2006-Ohio-1544 at ¶ 11.
 {¶ 22} Before passage of Am. Sub. S.B. No. 2, 146 Ohio Laws, Part IV, 7136, effective July 1, 1996 ("S.B. 2"), Ohio had a predominantly indeterminate felony-sentencing structure in which a sentence was expressed in the form of a minimum and maximum prison term with the release decision in the hands of a parole board. Foster supra,109 Ohio St.3d at 12, 845 N.E.2d at 484, 2006-Ohio-856 at ¶ 34. Under that structure the Ohio Supreme Court noted "[t]his court has held that: 'A silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12.' State v. Adams (1988),37 Ohio St.3d 295, 525 N.E.2d 1361, paragraph three of the syllabus; accord State v.O'Dell (1989), 45 Ohio St.3d 140, 147, 543 N.E.2d 1220, 1227. Nothing in the statute or the decisions of this court imposes any duty on the trial court to set forth its reasoning. The burden is on the defendant to come forward with evidence to rebut the presumption that the trial court considered the sentencing criteria." State v. Cyrus (1992),63 Ohio St.3d 164, 166, 586 N.E.2d 94, 95-96.
 {¶ 23} R.C. 2929.41 gives the trial court discretion to specify that a sentence shall be served consecutively to another sentence. R.C.2929.41(1); State v. White (1985), 18 Ohio St.3d 340, 342; State v.Elam (1994), 68 Ohio St.3d 585, 586.
 {¶ 24} Prior to the passage of S.B. 2 it was well settled that the decision whether a criminal defendant is to serve the sentences for all his crimes consecutively or concurrently is a matter committed to the sound discretion of the trial court. State v. *Page 9 Johnson (1988), 40 Ohio St.3d 130, 133-134, 532 N.E.2d 1295, certiorari denied (1989), 489 U.S. 1098, 109 S.Ct. 1574,103 L.Ed.2d 940; State v. White (1985), 18 Ohio St.3d 340, 342, 481 N.E.2d 596;State v. Moss (1982), 69 Ohio St.2d 515, 518, 433 N.E.2d 181, certiorari denied (1983), 459 U.S. 1200, 103 S.Ct. 1183, 75 L.Ed.2d 430. Therefore, we conclude that post-Foster, this Court reviews the imposition of consecutive sentences under an abuse of discretion standard. Furthermore, when applying the abuse of discretion standard, an appellate court may not generally substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621.
 {¶ 25} In the case at bar, the sentencing procedure which led to the imposition of appellant's sentence satisfied the due process protections of the Ohio and United States Constitutions.
 {¶ 26} We find nothing in the record of appellant's case to suggest that his sentence was based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment. Where the record lacks sufficient data to justify the sentence, the court may well abuse its discretion by imposing that sentence without a suitable explanation. Where the record adequately justifies the sentence imposed, the court need not recite its reasons. State v. Middleton (Jan. 15, 1987), 8th Dist. No. 51545. In other words, an appellate court may review the record to determine whether the trial court failed to consider the appropriate sentencing factors.
 {¶ 27} Although we apply an abuse of discretion standard to appeals challenging the trial court's imposition of sentence, this term has been applied in a somewhat rote manner by the courts without analysis of the true purpose of the appellate court's role in *Page 10 
the review of a trial court's discretionary powers. An excellent analysis of the misconception surrounding the concept of "abuse of discretion" was set forth by the Arizona Supreme Court sitting en banc: "[t]he phrase 'within the discretion of the trial court' is often used but the reason for that phrase being applied to certain issues is seldom examined. One of the primary reasons an issue is considered discretionary is that its resolution is based on factors which vary from case to case and which involve the balance of conflicting facts and equitable considerations. Walsh v. Centeio, 692 F.2d 1239, 1242 (9th Cir.1982). Thus, the phrase 'within the discretion of the trial court' does not mean that the court is free to reach any conclusion it wishes. It does mean that where there are opposing equitable or factual considerations, we will not substitute our judgment for that of the trial court". State v. Chapple (1983), 135 Ariz. 281, 296-97,660 P.2d 1208, 1223-24. However, the Court explained, "[t]he term 'abuse of discretion' is unfortunate. In ordinary language, 'abuse' implies some form of corrupt practice, deceit or impropriety. Webster's Third New International Dictionary (1976). In this sense, the application of the word to the act of a trial judge who ruled in accordance with all the decided cases on the issue is inappropriate. However, in the legal context, the word 'abuse' in the phrase 'abuse of discretion' has been given a broader meaning. In the few cases that have attempted an analysis, the ordinary meaning of the word has been considered inappropriate and the phrase as a whole has been interpreted to apply where the reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice.State ex rel. Fletcher v. District Court of Jefferson County,213 Iowa 822, 831, 238 N.W. 290, 294 (1931). Similarly, a discretionary act which reaches an end or purpose not justified by, and clearly against, *Page 11 
reason and evidence 'is an abuse.' Kinnear v. Dennis, 97 Okl. 206,207, 223 P. 383, 384 (1924).
 {¶ 28} "The law would be better served if we were to apply a different term, but since most appellate judges suffer from misocainea, we will no doubt continue to use the phrase 'abuse of discretion.' Therefore, we should keep some operative principles in mind. Something is discretionary because it is based on an assessment of conflicting procedural, factual or equitable considerations which vary from case to case and which can be better determined or resolved by the trial judge, who has a more immediate grasp of all the facts of the case, an opportunity to see the parties, lawyers and witnesses, and who can better assess the impact of what occurs before him. Walsh v. Centeio,supra. Where a decision is made on that basis, it is truly discretionary and we will not substitute our judgment for that of the trial judge; we will not second-guess. Where, however, the facts or inferences from them are not in dispute and where there are few or no conflicting procedural, factual or equitable considerations, the resolution of the question is one of law or logic. Then it is our final responsibility to determine law and policy and it becomes our duty to 'look over the shoulder' of the trial judge and, if appropriate, substitute our judgment for his or hers. This process is sometimes, unfortunately, described as a determination that the trial judge has 'abused his discretion. . .'" Id. at n. 8; State v. Garza (1998), 192 Ariz. 171, 175-76, 962 P.2d 898, 902.
 {¶ 29} Accordingly, appellate courts can find an "abuse of discretion" where the record establishes that a trial judge refused or failed to consider statutory sentencing factors. Cincinnati v. Clardy (1978), 57 Ohio App.2d 153, 385 N.E.2d 1342. An "abuse *Page 12 
of discretion" has also been found where a sentence is greatly excessive under traditional concepts of justice or is manifestly disproportionate to the crime or the defendant. Woosley v.United States (1973), 478 F.2d 139, 147. The imposition by a trial judge of a sentence on a mechanical, predetermined or policy basis is subject to review. Woosley, supra at 143-145. Where the severity of the sentence shocks the judicial conscience or greatly exceeds penalties usually exacted for similar offenses or defendants, and the record fails to justify and the trial court fails to explain the imposition of the sentence, the appellate court's can reverse the sentence.Woosley, supra, at 147. This by no means is an exhaustive or exclusive list of the circumstances under which an appellate court may find that the trial court abused its discretion in the imposition of sentence in a particular case.
 {¶ 30} We note that we do not know the specific contents of the pre-sentence investigation report, or any victim impact statements, as appellant did not make them a part of the record. In State v.Untied (Mar. 5, 1998), Muskingum App. No. CT97-0018, we addressed the issue of failure to include the pre-sentence investigation report and stated: "[a]ppellate review contemplates that the entire record be presented. App.R. 9. When portions of the transcript necessary to resolve issues are not part of the record, we must presume regularity in the trial court proceedings and affirm. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 400 N.E.2d 384. The pre-sentence investigation report could have been submitted 'under seal' for our review. Without the cited information and given the trial court (sic) findings on the record, we cannot say appellant's sentence was against the manifest weight of the evidence or 'contrary to law. State v.Untied, supra, at 7. It is the duty of counsel to ensure that all documents *Page 13 
and reports are made a part of the trial court record and are actually transmitted to this Court.
 {¶ 31} It appears to this Court that the trial court's statements at the sentencing hearing were guided by the overriding purposes of felony sentencing to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.11. Based on the transcript of the sentencing hearing and the subsequent judgment entry, this Court cannot find that the trial court acted unreasonably, arbitrarily, or unconscionably, or that the trial court violated appellant's rights to due process under the Ohio and United States Constitutions in its sentencing appellant to consecutive sentences of incarceration.
 {¶ 32} There is no evidence in the record that the judge acted unreasonably by, for example, selecting the sentence arbitrarily, basing the sentence on impermissible factors, failing to consider pertinent factors, or giving an unreasonable amount of weight to any pertinent factor.
 {¶ 33} Appellant's first assignment of error is overruled.
 II. {¶ 34} In his second assignment of error appellant maintains that his trial counsel was ineffective because he failed to object to the imposition of consecutive sentences.
 {¶ 35} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry in whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993), 506 U.S. 364,113 S.Ct. 838, *Page 14 122 L.Ed.2d 180; Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136.
 {¶ 36} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St. 3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 37} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
 {¶ 38} The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Bradley at 143, quotingStrickland at 697. Accordingly, we will direct our attention to the second prong of the Strickland test.
 {¶ 39} In light of our disposition of appellant's first assignment of error, the failure to object to consecutive sentences does not rise to the level of prejudicial error necessary to find that appellant was deprived of a fair sentencing hearing. Having reviewed the record that appellant cites in support of his claim that he was denied *Page 15 
effective assistance of counsel, we find appellant was not prejudiced by defense counsel's representation of him. The result of the hearing was not unreliable nor were the proceedings fundamentally unfair because of the performance of defense counsel.
 {¶ 40} Appellant's second assignment of error is overruled.
 {¶ 41} For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
Gwin, P.J., Hoffman, J., and Delaney, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed. Costs to appellant. *Page 1