DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Meigs County Common Pleas Court judgment that re-sentenced Jason G. Quivey, defendant below and appellant herein, for a felonious assault violation. Appellant assigns the following error for review:
 FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED WHEN IT RESENTENCED THE DEFENDANT TO THE MAXIMUM SENTENCE WHEN OHIO REVISED CODE SECTIONS 2929.11 AND 2929.12 DID NOT SUPPORT SUCH A RESULT."
 {¶ 2} On the evening of July 13, 2004, Todd Lee was watching television at his mother's home when he heard a commotion. Lee *Page 2 
looked outside and observed a beer can thrown from a red pick-up and strike his truck. This prompted Lee to race outside, jump into his vehicle and pursue the red truck. When the truck finally stopped and Lee confronted the driver, appellant repeatedly punched Lee about the face. When the attack ended, Lee returned to his mother's home. She called the authorities and took Lee to Holzer Medical Center. Lee later underwent surgery at the Ohio State University Medical Center to repair the numerous broken bones in his face.
 {¶ 3} The Meigs County Grand Jury returned an indictment that charged appellant with felonious assault in violation of R.C. 2903.11(A)(1). Appellant pled not guilty and the matter proceeded to a jury trial. At trial, Lee identified appellant as the assailant and he and his mother detailed the injuries that he[1] received. In his defense, appellant stated that he spent the evening at home with his girlfriend Debbie Lee (Lee's wife). Other witnesses corroborated that alibi.
 {¶ 4} After hearing the evidence the jury returned a guilty verdict and the trial court imposed an eight year prison term.
 {¶ 5} In State v. Quivey, Meigs App. No. 04CA8, 2005-Ohio-5540, we affirmed the conviction. However, the Ohio Supreme Court subsequently ruled various criminal sentencing statutes unconstitutional inState v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, and we remanded the case for re-sentencing. *Page 3 
See In re Ohio Criminal Sentencing Statutes Cases, 109 Ohio St.3d 313,847 N.E.2d 1174, 2006-Ohio-2109, at ¶ 222.
 {¶ 6} At the re-sentencing hearing the trial court heard the parties' arguments and, after discussing the severity of the attack and appellant's prior criminal record, the court imposed an eight year prison term. This appeal followed.
 {¶ 7} In his assignment of error, appellant asserts that his sentence must be reversed because the trial court did not adequately demonstrate that it considered the factors in R.C. 2929.11 and R.C. 2929.12. We disagree.
 {¶ 8} After Foster, trial courts have discretion to impose prison sentences within the statutory range. 2006-Ohio-856, at paragraph seven of the syllabus; State v. Mathis, 109 Ohio St.3d 54, 846 N.E.2d 1,2006-Ohio-855, at paragraph three of the syllabus. The Ohio Supreme Court cautioned trial courts that they must consider the guidance given by R.C. 2929.11 (purposes of sentencing) and R.C. 2929.12 (factors regarding seriousness of the offense). Mathis, supra at ¶ 38. Appellant claims that nothing indicates that the trial court heeded those statutes in this case. Again, we disagree.
 {¶ 9} First, although the Ohio Supreme Court stated inMathis that these statutes must be considered, nothing suggests that trial courts must give rote recitations of the statutory factors and explicitly explain how those factors apply in each individual case. See generally State v. Saunders, Licking App. No. 2006-CA-00058,2007-Ohio-1080, at ¶ 20; State v. Mooney, Stark App. No. *Page 4 
2005-CA-00304, 2006-Ohio-6014, at ¶¶ 58-59. Such a conclusion does not coincide with the court's holdings in Foster, supra at paragraph seven of the syllabus, and Mathis, supra at paragraph three of the syllabus, which state that trial courts are no longer required to state reasons for imposing more than a minimum sentence.
 {¶ 10} Second, after our review of the sentencing hearing in the case sub judice, we believe that it is clear the trial court, considered the statutes. During the sentencing hearing both the court and counsel discussed the extent of Lee's injuries and the fact that they were inflicted in an altercation over a mutual love interest. These issues are consistent with consideration of R.C. 2929.12(B)(2)(6). Also, extensive discussion occurred concerning appellant's previous criminal record. This suggests that the trial court also focused on the R.C.2929.12(D) factors.
 {¶ 11} Moreover, in light of the severity of the victim's injuries and appellant's criminal record, it appears that the trial court imposed an eight year sentence to punish appellant and to protect the public from future crimes. See R.C. 2929.11(A). The latter point is worthy of emphasis because, after appellant's original conviction in this case, he also pled guilty to an unrelated burglary charge.
 {¶ 12} For these reasons, we conclude that the trial court complied with the Ohio Supreme Court's directive and properly considered the factors in R.C. 2929.11 and R.C. 2929.12 when it *Page 5 
imposed sentence. Accordingly, we hereby overrule appellant's assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, P.J. Harsha, J.: Concur in Judgment Opinion
[1] Lee revealed that he knew appellant before the attack because his wife, from whom he was separated for nine months, was romantically involved with appellant. *Page 1