{¶ 18} I concur in judgment and opinion as far as the first and second assignments of error. However, I respectfully dissent as to the third assignment of error.
 {¶ 19} In my view, the issue is whether the trial court must specifically state that it *Page 8 
considered the purposes set forth in R.C. 2152.01(A) when it imposes its disposition. In adult criminal sentencing cases, Ohio courts have held that "[a] silent record raises the presumption that the trial court considered the factors contained in R.C. 2929.12." State v. Adams
(1988), 37 Ohio St.3d 295, paragraph three of syllabus; see, also,State v. Saunders, Licking App. No. 2006-CA-00058, 2007-Ohio-1080, ¶ 20 (holding that "[t]here is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them");State v. Mooney, Stark App. No. 2005-CA-00304, 2006-Ohio-6014, ¶ 59-61. "Nothing in the statute or the decisions of this court imposes any duty on the trial court to set forth its reasoning." Saunders at ¶ 22. Thus, "[t]he burden is on the defendant to come forward with evidence to rebut the presumption that the trial court considered the sentencing criteria." Id., citing State v. Cyrus (1992), 63 Ohio St.3d 164.
 {¶ 20} Applying the law with regard to adult sentencing to the disposition of juvenile offenders, I believe that a silent record creates a presumption that the trial court considered the purposes of juvenile dispositions. In challenging this presumption, the juvenile bears the burden of presenting evidence showing that the court failed to consider the purposes in R.C. 2152.01(A). Here, B.C. demonstrated that the court failed to follow the statute. He showed that the court was not silent; instead, the court chose to put its thoughts on the record. The record demonstrates that the trial court considered a majority of the factors in R.C. 2152.01(A), but not all of them. For example, the record does not show that it considered the "care, protection * * * and physical development" of B.C. when making the order. *Page 9 
 {¶ 21} Therefore, I would sustain the third assignment of error and remand this cause to the trial court so that it could impose its disposition after it considered all the required factors. The result may, or may not, be the same.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court, Probate-Juvenile Division, to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McFarland, P.J.: Concurs in Judgment Opinion
Kline, J.: Concurs in Judgment Opinion as to Assignments of Error I II; Dissents with Opinion as to Assignment of Error III
 *Page 1