JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Eric Peyton ("defendant"), appeals his convictions and sentence for assault, possession of drugs, drug trafficking, possessing criminal tools, four counts of aggravated robbery, and having a weapon while under disability. For the reasons that follow, we affirm his convictions; vacate his sentence and remand for resentencing.
 {¶ 2} Defendant was identified as the perpetrator of five counts of aggravated robbery that took place at a Cleveland beauty salon on March 12, 2004. On May 7, 2004, police executed the warrant for defendant's arrest, which resulted in defendant's indictment for assault, possession of drugs, drug trafficking, and possession of criminal tools.
 {¶ 3} At trial, witnesses testified to the following: On March 12, 2004, a black male wearing a hooded sweatshirt robbed people at a beauty salon in Cleveland. At least three of the victims positively identified defendant from a photographic lineup as the person who robbed them at gunpoint.
 {¶ 4} Detective Habeeb and officers Urbania and Grady went to arrest defendant on a warrant. They located defendant in an automobile pulling out of the driveway of his girlfriend's residence in Cleveland. Believing defendant to be armed and dangerous, the officers blocked the vehicle and surrounded it with guns drawn. Defendant responded with "those guns don't scare me" and drew his own weapon. Officer Urbania grabbed the frame of the gun and was able to dislodge it from defendant's grasp. Officer Grady moved in and struggled violently with defendant. Habeeb sustained bumps and bruises in his effort to restrain defendant. Defendant threw punches, striking Habeeb in the torso. Defendant sustained an injury to his head in the fray.
 {¶ 5} After securing defendant, the officers conducted a brief pat down search for additional weapons and took him to the hospital. In the meantime, officers searched the residence upon consent and found duffel bags believed to belong to defendant that contained a sawed off shotgun, ammunition, and sandwich baggies. The ammunition matched the type used in the weapon recovered from defendant. The officers explained that they did not conduct a full inventory search of defendant at that time because of the circumstances, i.e., they were caught in a rainstorm, the defendant was bleeding, and there was a crowd gathering in the area.
 {¶ 6} In a subsequent thorough search of defendant, the officers found .38 caliber lead ball ammunition that matched the bullets found in defendant's weapon, and in the duffle bag. They also recovered a large amount of drugs from his pocket, a cellular phone, and approximately $280.
 {¶ 7} Detective Habeeb and officer Urbania testified that the amount of drugs seized from defendant was indicative of drug trafficking. The officers further observed the common use of sandwich baggies to package drugs for sale. Habeeb also suspected defendant of drug trafficking because he had been unemployed for a long time but was dressed well and wearing jewelry. Defendant also allegedly inquired after being read his rights "how do you rob a drug dealer?"
 {¶ 8} Four women testified in court that they were robbed at gunpoint on March 12, 2004. Three of the four women were positive defendant was the person that robbed them. The fourth testified, consistent with the others, that the person who robbed her was wearing a black hooded sweatshirt and had been in the salon earlier.
 {¶ 9} Defendant's sister testified that she was at a restaurant with him on March 12, 2004 at the time of the beauty shop robberies. She claims she chronicled it in her diary, which she did not bring with her to court. On cross-examination, she was unable to say where she had dined the day before or after that and/or what she had done on a date more recent to trial.
 {¶ 10} Defendant was convicted of all charges, except on the count of aggravated robbery that concerned a witness who did not testify. The aggregate sentence imposed by the court on defendant exceeded 50 years.
 {¶ 11} Defendant assigns eight assignments of error for our review, which we address in order and together where appropriate for discussion.
 {¶ 12} "I. The trial court erred in denying appellant's Criminal Rule 29 motion for acquittal when there was insufficient evidence to prove the elements of assault."
 {¶ 13} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the State. State v.Dennis (1997), 79 Ohio St.3d 421, 430, 1997-Ohio-372.
 {¶ 14} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. We must determine whether, after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380,386, 1997-Ohio-52.
 {¶ 15} Here, defendant challenges the sufficiency of the evidence concerning the assault charge. R.C. 2903.13 provides: "(A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn." An assault is a fourth-degree felony where, as here, the victim is a peace officer performing his official duties. R.C. 2903.13(C)(3).
 {¶ 16} Defendant believes the record lacks evidence that he caused or attempted to cause physical harm to anyone. We disagree. A person is not required to seek medical attention in order for defendant to be guilty of assault. R.C. 2901.01
"physical harm" is "any injury, illness, or other physiological impairment, regardless of its gravity or duration."
 {¶ 17} Habeeb and Grady testified that defendant pulled a gun on them, engaged in a physical altercation with at least two of them, and hit Habeeb in the torso causing him to suffer "bumps and bruises." Construing this evidence in a light most favorable to the State, the evidence sufficiently supports the conclusion that defendant was, at the least, attempting to cause physical harm to the officers.
 {¶ 18} Assignment of Error I is overruled.
 {¶ 19} "II. The trial court erred in denying appellant's Criminal Rule 29 motion for acquittal when there was insufficient evidence to prove the elements of trafficking in drugs."
 {¶ 20} R.C. 2925.03 provides:
 {¶ 21} "(A) No person shall knowingly do any of the following:
 {¶ 22} "* * *
 {¶ 23} "(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person."
 {¶ 24} Defendant believes the evidence is insufficient to establish his ownership and control over the contents of the duffel bags found inside the house. This included plastic baggies, a shotgun, and ammunition. Defendant maintains that his connection to these duffel bags derived solely from hearsay testimony. We disagree.
 {¶ 25} A charge of drug trafficking can be sufficiently supported by circumstantial evidence. E.g., State v. Wallace,
Cuyahoga App. No. 85541, 2005-Ohio-4397.
 {¶ 26} Defendant's connection to the bags was fairly and independently established by circumstantial evidence. In particular, the ammunition found in the bags matched the bullets in the gun that was in defendant's possession and the ammunition that was found on his person. Defendant had a large amount of drugs on his person that was inconsistent with personal use and the officers testified that plastic baggies are routinely used in preparing drugs for sale. Finally, defendant was apprehended in the driveway of the home where the duffel bags were found. Accordingly, the evidence sufficiently supported a conviction under this charge even in the absence of the complained of testimony.
 {¶ 27} Assignment of Error II is overruled.
 {¶ 28} "III. The trial court erred by admitting hearsay testimony regarding appellant's ownership and control of the bedroom at 3146 West 68th Street and the items in that room."
 {¶ 29} Defendant contests the admission of Habeeb's testimony that defendant's girlfriend advised them that the duffel bags belonged to defendant and his testimony that referred to a location in the house as "the bedroom [defendant] slept in." Defendant considers the testimony inadmissible hearsay evidence.
 {¶ 30} Hearsay evidence is prohibited under Evid.R. 801(C) and is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." A statement is not hearsay if it is admitted to prove that the declarant made it, rather than to prove the truth of its contents. State v.Williams (1988), 38 Ohio St.3d 346, 348.
 {¶ 31} The challenged statements were not hearsay because they were not used to prove the truth of the matter asserted, that is that defendant owned the bags, but rather to explain the police action during investigation, namely why they searched the areas that they did. State v. Thomas (1980), 61 Ohio St.2d 223.
 {¶ 32} Even if the statements would qualify as hearsay, the admission of the testimony was not reversible error. As previously discussed, these statements were not necessary to sustain defendant's conviction. Defendant had on his person a large amount of drugs, a weapon, ammunition, currency and a cellular phone. The overwhelming circumstantial evidence supported defendant's conviction.
 {¶ 33} Assignment of Error III is overruled.
 {¶ 34} "IV. The trial court erred in denying appellant's Criminal Rule 29 motion for acquittal when there was insufficient evidence to prove the elements of aggravated robbery."
 {¶ 35} Defendant's complaint on these counts is that the many witness identifications of him were unreliable. The record does not support this contention.
 {¶ 36} In determining whether an identification is reliable, a court must consider (1) the witness's opportunity to view the suspect at the time of the incident, (2) the witness's degree of attention, (3) the accuracy of the witness's prior description, (4) the witness's certainty when identifying the suspect at the time of the confrontation, and (5) the length of time elapsed between the crime and the identification. State v. Waddy
(1992), 63 Ohio St.3d 424, 439.
 {¶ 37} At least three of the four women who testified were positive that it was defendant who robbed them at the beauty shop. All three maintained they got a good look at defendant's face and recognized him as the robber. The fourth, who was 16, could not say for certain but the record is clear that the same man who robbed her had robbed the others. The robberies occurred just as it was starting to get dark and happened inside the beauty shop. All the women said the defendant had been in the shop earlier that day. Little time elapsed between the crime and the witness's pretrial identification of defendant from a photographic lineup. All the women confirmed that the black hood did not obscure their view of defendant's face or prevent them from picking him out of the lineup. Accordingly, the identifications were not unreliable.
 {¶ 38} Assignment of Error IV is overruled.
 {¶ 39} "V. The appellant's convictions for aggravated robbery are against the manifest weight of the evidence."
 {¶ 40} While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion. State v.Thompkins, supra at 390. When a defendant asserts that his conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id. at 387.
 {¶ 41} Defendant simply reincorporates his arguments that challenge the credibility of the eyewitness identifications of him. Having reviewed the entire record, we find the witness's testimony both consistent and credible. The only conflict in the evidence as to defendant's identity as the robber arose from the testimony of his sister that placed him at a restaurant at the time of the robberies. We believe the jury did not lose its way in resolving this conflict in favor of the victims' testimony over that of defendant's relative. Defendant's convictions were not against the manifest weight of the evidence.
 {¶ 42} Assignment of Error V is overruled.
 {¶ 43} "VI. The trial court erred in sentencing appellant separately and consecutively on Counts 1, 2, 3, and 4 in Case No. 453482.
 {¶ 44} "VII. The trial court erred in imposing maximum consecutive sentences in Case No. 453482.
 {¶ 45} "VIII. The trial court erred in imposing a maximum consecutive sentence in Case No. 453481."
 {¶ 46} The trial court imposed maximum, consecutive sentences pursuant to the provisions of R.C. 2929.14(B), (C), and (E), which the Ohio Supreme Court has since declared unconstitutional and excised from the statutory scheme. State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, ¶¶ 1-4, applying United States v.Booker (2005), 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621;Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403; and Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348, 147 L.Ed.2d 435. As a result, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, at paragraph 7 of the syllabus andState v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, paragraph 3 of the syllabus. Nonetheless, defendants that were sentenced under unconstitutional and now void statutory provisions must be resentenced. Foster, 2006-Ohio-856, ¶¶ 103-106.
 {¶ 47} Pursuant to the mandates of Foster, Assignments of Error VI, VII, and VIII are sustained.
Convictions affirmed; sentence vacated and cause remanded for resentencing.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for these appeals.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Cases remanded to the trial court for resentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J., and Kilbane, J., concur.