JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, John Dawson, appeals from a June 27, 2006 judgment of the Cuyahoga County Court of Common Pleas, resentencing him after remand from this court pursuant to State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. See State v. Dawson, 8th Dist. No. 86417,2006-Ohio-1083 ("Dawson I").
 {¶ 2} In Dawson I, this court set forth the procedural history and facts of the case at length, thus we need not restate them entirely here.
 {¶ 3} Briefly, Dawson was indicted by the Cuyahoga County Grand Jury on December 2, 2004 on multiple counts, including one count of attempted murder, three counts of aggravated robbery, two counts of felonious assault, three counts of aggravated burglary, one count of obstructing justice, and one count of engaging in a *Page 3 
pattern of corrupt activity. All of the counts, except engaging in a pattern of corrupt activity, had one- and three-year gun specifications attached.
 {¶ 4} The matter proceeded to a jury trial. The jury found Dawson not guilty of attempted murder, but guilty of two counts of aggravated robbery, one count of aggravated burglary, two counts of felonious assault, one count of obstructing justice, all with one- and three-year firearm specifications, and one count of engaging in a pattern of corrupt activity.
 {¶ 5} The trial court originally sentenced Dawson on May 9, 2005. It sentenced him to nine years on the underlying offenses of two counts of aggravated robbery, one count of aggravated burglary, and one count of engaging in a pattern of corrupt activity, to run consecutive to one another, for a total of thirty-six years. The trial court then ordered those prison terms be served consecutively with the three-year firearm specifications on the aggravated robberies and the aggravated burglary, for an additional nine years. It further sentenced Dawson to eight years on two counts of felonious assault and four years on one count of obstructing justice, and ordered that they run concurrent with each other and with the other imposed sentences. Finally, for purposes of sentencing, the trial court ordered that the three-year firearm specifications on the two counts of felonious assault and on the one count of obstructing justice merge with the other ones and also merged the one-year firearm specifications with the three-year firearm specifications on all counts. Thus, Dawson was sentenced to an aggregate prison term of forty-five years. *Page 4 
 {¶ 6} Dawson appealed his convictions and sentence. In Dawson I, we affirmed his convictions, but reversed his sentence pursuant toFoster and remanded for resentencing.
 {¶ 7} The trial court held a resentencing hearing on June 27, 2006. It sentenced Dawson to the exact same sentence as it had at the first sentencing hearing. It is from this judgment from which Dawson appeals, raising a single assignment of error:
 {¶ 8} "The trial court committed reversible error in resentencing [Dawson] under harsher statutes than those in effect when his offenses were committed, violating his right to due process under theFourteenth Amendment to the United States Constitution."
 {¶ 9} In this assignment, appellant raises only one issue for our review. He maintains that because Foster eliminated the presumption of concurrent sentences, that a different version of the consecutive-sentence statute was in effect when he was resentenced on June 27, 2006. Thus, he submits that the new sentencing scheme, as applied to him, violated the Ex Post Facto Clause, Section 10, Article I
of the United States Constitution, and the Retroactivity Clause, Section28, Article II of the Ohio Constitution, which in turn, violated his due process rights.
 {¶ 10} This court has recently addressed this exact issue and rejected it in State v. Mallette, 8th Dist. No. 87984, 2007-Ohio-715. InMallette, after a thorough analysis of federal and state law, we concluded: *Page 5 
 {¶ 11} "[Appellant] had notice that the sentencing range was the same at the time he committed the offenses as when he was sentenced.Foster did not judicially increase the range of his sentence, nor did it retroactively apply a new statutory maximum to an earlier committed crime, nor did it create the possibility of consecutive sentences where none existed. As a result, we conclude that the remedial holding ofFoster does not violate [appellant's] due process rights or the ex post facto principles contained therein."[1]
 {¶ 12} Thus, based on our decision in Mallette, Dawson's sole assignment of error is overruled.
 {¶ 13} Accordingly, the judgment of the Cuyahoga County Court of Common Pleas is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's *Page 6 
sentence having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, P.J., and ANN DYKE, J., CONCUR.
[1] In addition, we note that every other appellate district in the state of Ohio has reached the same conclusion. See State v. Bruce, 1st Dist. No. C-060456, 2007-Ohio-175; State v. Durbin, 2d Dist. No. 2005-CA-134; State v. McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162;State v. Courtney, 4th Dist. No. 06CA18, 2007-Ohio-1165; State v.Paynter, 5th Dist. No. CT2006-0034, 2006-Ohio-5542; State v.Friess, 6th Dist. No. L-05-1307, 2007-Ohio-2030; State v.Haschenburger, 7th Dist. No. 05MA192, 2007-Ohio-1562; State v.Newman, 9th Dist. No. 23038, 2006-Ohio-4082; State v. Gibson, 10th Dist. No. 06AP-509, 2006-Ohio-6899; State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011; and State v. Andrews, 12th Dist. No. CA2006-06-142, 2007-Ohio-223. *Page 1