JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Roman Chojnacki, appeals his sentence following the entry of guilty pleas to three counts of unlawful sexual conduct with a minor, in violation of R.C. 2907.04. Appellant alleges the trial court erred by sentencing him to consecutive four-year sentences in violation of the statutory presumptions in effect at the time of the offenses, and that the trial court improperly failed to merge allied offenses. Upon our review of the arguments and the record, we affirm the judgment of the trial court for the reasons set forth below.
 {¶ 2} The facts show that appellant, a 27-year-old man, engaged in a year long sexual relationship with a 13-year-old girl who became pregnant and had his child. On November 30, 2005, appellant was indicted and charged with 10 counts of unlawful sexual activity with a minor. The acts were alleged to have occurred between September 11, 2004 and August 31, 2005. Each count was a felony of the third degree carrying with it a possible maximum prison sentence of five years.
 {¶ 3} On March 28, 2006, the day the trial was to begin, appellant and the state reached a plea agreement. As a result of the agreement, appellant entered pleas of guilty to counts one, two, and three of the indictment, and the state dismissed counts four through ten.
 {¶ 4} On April 26, 2006, the trial court held a hearing on sexual offender classification and found appellant to be a sexually-oriented offender as defined *Page 4 
under R.C. 2950.01. The sentencing hearing was held immediately thereafter in which the trial court imposed sentences of four years imprisonment on each of the three counts, with the sentences to run consecutive to each other.
 {¶ 5} Appellant's first assignment of error states:
 {¶ 6} "The trial court erred by failing to make a finding on the record of sentencing below that his sentencing options were unfettered within the statutory penalty schemes or whether all of the seriousness and recidivism factors as set forth in Ohio statutory sentencing scheme were applicable to the case of State of Ohio v. Roman Chojnacki."
 {¶ 7} Appellant makes the argument that since the offenses occurred prior to the Ohio Supreme Court's decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, the holding in Foster cannot be applied to his case and the trial court had to apply the presumption for minimum sentences found at R.C. 2929.14(B) and the presumption for concurrent sentences found at R.C. 2929.14(E)(4).
 {¶ 8} This court, and every other appellate district in the state of Ohio, has already addressed and rejected the ex post facto claims relative to the application of Foster. See State v. Dawson, Cuyahoga App. No. 88486, 2007-Ohio-2761, n1. Specifically, in State v.Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715 we held:
 {¶ 9} "Mallette had notice that the sentencing range was the same at the time he committed the offenses as when he was sentenced.Foster did not judicially increase the range of his sentence, nor did it retroactively apply a new statutory *Page 5 
maximum to an earlier committed crime, nor did it create the possibility of consecutive sentences where none existed. As a result, we conclude that the remedial holding of Foster does not violate Mallette's due process rights or the ex post facto principles contained therein." Id.
 {¶ 10} Appellant's argument that the trial court failed to weigh the seriousness and recidivism factors set forth in R.C. 2929.12 likewise lacks merit. The trial court's sentencing entry of April 28, 2006 specifically states that the court considered all required factors of the law. The hearing transcript shows that among the factors considered by the court was the young age of the victim, the physical and mental injury suffered by the victim as a result of the offense, appellant's lack of remorse and his attempt to place the blame for his sexual offenses on the 13-year-old girl and her family.
 {¶ 11} The court had full discretion to impose a prison sentence within the statutory range of one to five years for each of the third degree felony convictions and was not required to make findings or give reasons for imposing consecutive sentences. Foster, at paragraph seven of the syllabus; State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855. The record reflects that the trial court considered the statutory factors and imposed a sentence within the statutory range. Accordingly, we find that appellant's sentence is not contrary to law. Appellant's first assignment is overruled.
 {¶ 12} Appellant's second assignment of error states: *Page 6 
 {¶ 13} "The trial court erred by failing to make a determination as to whether R.C. 2941.25 was applicable in this case."
 {¶ 14} R.C. 2941.25(A) addresses multiple counts in an indictment and provides that when conduct by a defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 15} Appellant argues that "the record below does not reflect even a minimal inquiry as to whether the offenses were of such a nature so as to require the conviction of only one offense and sentencing thereon." Appellant failed to raise this issue before the trial court and therefore waived the issue on appeal. Mark v. Mellott Mfg. Co.,Inc. (1995), 106 Ohio App.3d 571.
 {¶ 16} However, even if it had not been waived, appellant's argument has no merit. R.C. 2941.25(B) provides that when a defendant's conduct results in two or more offenses of the same kind committed separately, he may be convicted of them all. The record reflects that the indictment charged 10 separate counts for 10 offenses of the same kind that occurred over a period of 11 months. Appellant knowingly, intelligently, and voluntarily entered pleas of guilty to three distinct counts of unlawful sexual contact with a minor. At sentencing, appellant's counsel stated that appellant, "did, in fact, plead to three counts, and certainly understands the range of prison sentence, one to five years on each count." *Page 7 
 {¶ 17} Both of appellant's assignments of error having been overruled, the judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ANTHONY O. CALABRESE, JR., P.J., and PATRICIA ANN BLACKMON, J., CONCUR *Page 1