JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Eric Peyton, appeals from a December 13, 2006 judgment of the Cuyahoga County Court of Common Pleas resentencing him upon remand from this court, pursuant to State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. For the following reasons, we affirm.
 {¶ 2} In three separate criminal cases, Peyton was convicted of multiple counts of aggravated robbery with firearm specifications, assault, possession of *Page 3 
drugs, drug trafficking, possession of criminal tools, and having a weapon while under a disability. He previously appealed his convictions and sentence. In State v. Peyton, 8th Dist. Nos. 86795 and 86796,2006-Ohio-3735 ("Peyton I"), he appealed Case Nos. 453481 and 453482, and in State v. Peyton, 8th Dist. No. 86797, 2006-Ohio-3951
("Peyton II"), he appealed Case No. 453483.
 {¶ 3} In both appeals, this court affirmed Peyton's convictions, but vacated his sentences on the authority of Foster. Peyton I at _47 andPeyton II at _ 29. In each case, upon remand, the trial court sentenced Peyton to the same sentence it had originally imposed in June 2005, an aggregate sentence of sixty-five years in prison.
 {¶ 4} The trial court held a resentencing hearing on December 13, 2006. In Case No. 453481, the trial court sentenced Peyton to nine years in prison: eighteen months for assault on a police officer; three years for a mandatory firearm specification, to be served prior to and consecutive to six years for drug possession; three years for a mandatory firearm specification, to be served prior to and consecutive to six years for drug trafficking; and twelve months for possessing criminal tools. The trial court merged the firearm specifications for purposes of sentencing, and ordered that the prison terms be served concurrently to each other, but consecutive to the terms imposed in Case Nos. 453482 and 453483. *Page 4 
 {¶ 5} In Case No. 453482, the trial court sentenced Peyton to forty-three years in prison: ten years for each of the four aggravated robbery counts, each count having mandatory three-year firearm specifications, to be served consecutive to and prior to the base count of aggravated robbery; and five years for having a weapon while under a disability. The trial court merged the firearm specifications for purposes of sentencing, and ordered that the four ten-year aggravated robbery terms be served concurrent to the five-year term for having a weapon while under a disability, but consecutive to one another and to the sentences imposed in Case Nos. 453481 and 453483.
 {¶ 6} In Case No. 453483, the trial court sentenced Peyton to thirteen years in prison: ten years for aggravated robbery, with three years for a mandatory firearm specification, to be served consecutive to and prior to the aggravated robbery term; and five years for having a weapon while under a disability. The trial court ordered that the terms for aggravated robbery and having a weapon while under a disability be served concurrent to one another, but consecutive to the sentences imposed in Case Nos. 453481 and 453482.
 {¶ 7} It is from this judgment that Peyton appeals, raising the following two assignments of error:
 {¶ 8} "[1.] The trial court erred by ordering appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14(E)(4). *Page 5 
 {¶ 9} "[2.] The trial court erred when it sentenced appellant to the maximum sentence without making the appropriate findings."
 {¶ 10} In both assignments of error, Peyton raises the same arguments with respect to his sentence and thus, this court will consider them in tandem.
 {¶ 11} An appellate court reviews a sentence pursuant to R.C.2953.08(G)(2), which provides in part:
 {¶ 12} "[t]he appellate court may increase, reduce, or otherwise modify a sentence that is appealed * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds * * *:
 {¶ 13} "(a) * * *
 {¶ 14} "(b) That the sentence is otherwise contrary to law."[1] *Page 6 
 {¶ 15} First, Peyton maintains that the trial court did not make the appropriate judicial findings it was required to make before imposing consecutive sentences and the maximum sentence under R.C. 2929.14(E)(4) and R.C. 2929.14(C). Peyton also argues that since his criminal conduct "pre-dated the release of Foster," retroactively applying Foster to his case, violates the Ex Post Facto and Due Process Clauses of the United States Constitution. This court does not find merit in either argument.
 {¶ 16} Prior to Foster, unless certain findings were made by the trial court, a defendant was entitled to a presumption of the minimum sentence and a presumption of concurrent sentences. Foster at _44, citing R.C.2929.14(B), (C) and (E). The Supreme Court of Ohio, however, declared these statutory subsections unconstitutional. Id. at paragraphs one and three of the syllabus. Post-Foster, a court is no longer required to engage in the judicial fact-finding exercise formerly mandated by these statutes and therefore, a defendant is no longer entitled to a presumption of the shortest prison term or concurrent sentences. Id. at paragraphs two and four of the syllabus. Moreover, post-Foster, a court is vested with the discretion to sentence a defendant to any sentence allowable by law under R.C. 2929.14(A). Id. at paragraph seven of the syllabus.
 {¶ 17} In addition, Peyton argues that retroactively applyingFoster violates the Ex Post Facto and Due Process Clauses of the United States Constitution. It *Page 7 
is now well established that Foster does no such thing. See State v.Mallette, 8th Dist. No. 87984, 2007-Ohio-715, discretionary appeal not allowed, 115 Ohio St.3d 1439, 2007-Ohio-5567, and State v. Dawson, 8th Dist. No. 88485, 2007-Ohio-2761 (where we cited all Ohio appellate courts that also reached the same conclusion).
 {¶ 18} Accordingly, Peyton's two assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and CHRISTINE T. MCMONAGLE, J., CONCUR
[1] Besides a limited remand under R.C. 2953.08(G)(1), when a trial court overrides the presumption for prison for a first or second degree felony, the portion of the statute quoted here is what remains of R.C.2953.08 after Foster. "[P]re-Foster, R.C. 2953.08(G)(1) provided an opportunity for remand to the trial court if required [judicial] findings were missing." State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, at _34. However, "judicial fact-finding is no longer required * * *, [thus] there is no longer any reason to apply (G)(1) to upward departures." Mathis at _35. We also note that (G)(2)(a), which gave appellate courts authority to increase, reduce, modify, or vacate a sentence if the record did not support the trial court's findings, no longer serves any purpose to appellate courts, since judicial fact-finding has been excised by Foster. *Page 1