JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Marilyn Ocejo, appeals from a judgment of the Cuyahoga County Court of Common Pleas, sentencing her to twenty-six years in prison. For the following reasons, we affirm.
 {¶ 2} On January 25, 2006, the Cuyahoga County Grand Jury indicted Ocejo on four counts: counts one and two, attempted murder, in violation of R.C. 2903.02 and R.C. 2923.02; and counts three and four, felonious assault, in violation of R.C. 2903.11. All four counts contained additional one-and three-year firearm specifications. Ocejo entered a plea of not guilty to the charges. *Page 3 
 {¶ 3} On August 21, 2006, Ocejo withdrew her not guilty plea and entered pleas of no contest to the indictment as charged.
 {¶ 4} On September 21, 2006, the trial court sentenced Ocejo to an aggregate prison term of twenty-six years. Specifically, for counts one and two, the trial court sentenced Ocejo to the maximum ten years in prison on each count, to run consecutively to each other. For counts three and four, the trial court sentenced Ocejo to three years in prison on each count, to run concurrent to each other, but consecutive to the prison terms imposed in counts one and two. In addition, the trial court merged all firearm specifications for purposes of sentencing and sentenced Ocejo three years on the firearm specifications, to be served prior to and consecutive to all of the other counts. The trial court also imposed five years of mandatory postrelease control.
 {¶ 5} It is from this judgment that appellant appeals, raising a single assignment of error:
 {¶ 6} "The trial court erred in not sentencing the defendant to the minimum prison term of incarceration in light of the ex post facto consideration inherent in the due process clause."
 {¶ 7} Ocejo is correct that prior to State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, she was entitled to a presumption of minimum and concurrent sentences which could only be overcome by judicial factfinding. She is also correct that in Foster, the Ohio Supreme Court eliminated the statutory presumptions favoring *Page 4 
minimum and concurrent sentences. She argues, however, that since her conduct pre-dated Foster, application of this severance remedy to her case violates the Ex Post Facto Clause of the United States Constitution.
 {¶ 8} Prior to Foster, unless certain findings were made by the trial court, a defendant was entitled to a presumption of the minimum sentence and a presumption of concurrent sentences. Foster at _44, citing R.C.2929.14(B), (C) and (E). The Supreme Court of Ohio, however, declared these statutory subsections unconstitutional. Id. at paragraphs one and three of the syllabus. Post-Foster, a court is no longer required to engage in the judicial fact-finding exercise formerly mandated by these statutes and therefore, a defendant is no longer entitled to a presumption of the shortest prison term or concurrent sentences. Id. at paragraphs two and four of the syllabus. Moreover, post-Foster, a court is vested with the discretion to sentence a defendant to any sentence allowable by law under R.C. 2929.14(A). Id. at paragraph seven of the syllabus. Thus, the trial court did not err when it sentenced Ocejo to maximum and consecutive sentences.
 {¶ 9} In addition, it is now well established that the holding inFoster does not violate the Ex Post Facto Clause. See State v.Mallette, 8th Dist. No. 87984, 2007-Ohio-715, discretionary appeal not allowed, 115 Ohio St.3d 1439, 2007-Ohio-5567, and State v. Dawson, 8th Dist. No. 88485, 2007-Ohio-2761 (where we cited all Ohio appellate courts that also reached the same conclusion).
 {¶ 10} Accordingly, Ocejo's sole assignment of error is overruled. *Page 5 
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY JANE BOYLE, JUDGE
 CHRISTINE T. McMONAGLE, P.J., and PATRICIA A. BLACKMON, J., CONCUR *Page 1