OPINION
{¶ 1} Defendant-appellant, Lisa M. White, appeals her sentence in the Ashtabula County Court of Common Pleas following the entry of a guilty plea. Due to the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, we reverse the sentence imposed by the court below and remand this matter for resentencing.
 {¶ 2} On September 1, 2005, White entered guilty pleas to four counts of Attempted Aggravated Arson, felonies of the third degree in violation of R.C. 2923.02 and R.C. 2909.02(A)(2). The charges against White arose from four incidents of her setting fire to restroom trash cans. One of these incidents occurred at the Catholic Charities on Park Avenue in Ashtabula. The other three incidents occurred at Ashtabula County Medical Center. One of the fires at the Ashtabula County Medical Center was started in close proximity to the department of surgery while operations were taking place. The statutory sentencing range of prison terms for a third degree felony is between one and five years. R.C.2929.14(A)(3).
 {¶ 3} On November 29, 2005, following a sentencing hearing, the trial court sentenced White to serve a term of one year in prison for each count; the sentences for counts two, three, and four to be served concurrently with each other and consecutively to the sentence for count one for an aggregate sentence of two years. In the imposition of consecutive sentences, the trial court made the following findings: "that consecutive terms should be imposed because it is necessary to protect the public and punish the defendant"; "consecutive sentences are not disproportionate to the conduct of the defendant and to the danger she poses to the public"; "that * * * the harm caused by the offenses was so great or unusual that no single prison term adequately reflects the seriousness of the offender's conduct"; and "that consecutive terms are necessary to protect the public from future crime."
 {¶ 4} From this judgment, White timely appeals and raises the following assignments of error:
 {¶ 5} "[1.] The trial court erred when relying upon non statutory factors as the basis for precluding Appellant from a sentence of community control.
 {¶ 6} "[2.] The trial court erred when sentencing Appellant to consecutive sentences."
 {¶ 7} We first consider White's second assignment of error, which is dispositive of the appeal. Under the second assignment of error, White argues "that the record does not reflect a basis for determining that the consecutive sentences are not disproportionate to the seriousness of the conduct charged," as required by R.C. 2929.14(E)(4).
 {¶ 8} Subsequent to the imposition of White's sentence, the Ohio Supreme Court declared the statute under which the trial court ordered to serve consecutive sentences, R.C. 2929.14(E)(4), unconstitutional. Foster, 2006-Ohio-856, at paragraph three of the syllabus. Although White has not challenged her sentence on constitutional grounds, the Supreme Court's decision in Foster
requires reversal.[1]
 {¶ 9} In Foster, the Ohio Supreme Court held that consecutive sentences, imposed pursuant to R.C. 2929.14(E)(4), were void. Id. at ¶ 103. Although unconstitutional, R.C.2929.14(E)(4) is capable of being severed so that "judicial factfinding is not required before the imposition of consecutive prison terms." Id. at paragraph four of the syllabus. The proper course to follow in this situation "is to vacate that sentence and remand to the trial court for a new sentencing hearing." Id. at ¶ 103. Accordingly, White is entitled to a new sentencing hearing. At this hearing, White "may stipulate to the sentencing court acting on the record before it." Id. at ¶ 105; State v.Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, at ¶ 37. White may also argue for a reduction in her sentence, just as the state may now seek to increase the penalty. Foster, 2006-Ohio-856, at ¶ 105.
 {¶ 10} In her first assignment of error, White argues the trial court erred when it precluded the possibility of imposing community control sanctions based on factors not contained in the sentencing statutes.
 {¶ 11} When imposing sentence for a third degree felony, there is no presumption either for or against a term of imprisonment. State v. Morales, 11th Dist. No. 2003-L-025,2004-Ohio-7239, at ¶ 12. The only condition imposed on the sentencing court "in determining whether to impose a prison term as a sanction for a felony of the third degree," is that "the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code." R.C. 2929.13(C).
 {¶ 12} Under R.C. 2929.11, the sentencing court must impose a sentence "reasonably calculated to achieve the two overriding purposes of felony sentencing," i.e. "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(B) and (A). A sentencing court "has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section, relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that arerelevant to achieving those purposes and principles ofsentencing." R.C. 2929.12(A) (emphasis added). The trial court is not required to make specific findings on the record to "evince the requisite consideration of the applicable seriousness and recidivism factors." State v. Arnett, 88 Ohio St.3d 208,215, 2000-Ohio-302.
 {¶ 13} An appellate court may not disturb a sentence unless the court "clearly and convincingly finds" that "the record does not support the sentencing court's findings," or that "the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a) and (b). Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 14} White first argues that none of the aggravating factors set forth in R.C. 2929.12(B) applied, and that there was mitigating evidence, in that White "did not cause or expect to cause physical harm to any person or property." R.C.2929.12(C)(3). Instead, White maintains that the trial court impermissibly considered the potential for harm inherent in the fact that White started these fires in Ashtabula County Medical Center. The trial court acknowledged that the fires did not cause any serious harm but, nonetheless, considered the potential for harm to be great. The court concluded that the serious and mitigating circumstances of White's crimes to be roughly "equal in weight."
 {¶ 15} White's second argument is that the court impermissibly considered whether the probation department was capable of handling someone with White's mental health issues in sentencing White. The court observed as follows: "I've looked at our Probation Department. If I were to grant community control in this case, I don't know that our Probation Department is equipped to deal with * * * Ms. White and her conditions. And what I truly feel will happen is within a very short period of time, there would be a lot of technical violations and they'll have her right back here to get her off their back, so to speak." The court explained that White's problems were mainly "emotional and psychological and mental" whereas the country probation department is more suited to handle substance abuse issues. White was also rejected by the NorthEast Ohio Community Alternative Program for treatment. The court concluded that the public's safety from future incidents by White could not be guaranteed without a term of imprisonment.
 {¶ 16} We find the court's consideration of the seriousness and recidivism factors to be reasonable and not at all contrary to law. The court is not bound to only considering the factors provided in the statute but may consider any factor it deems "relevant to achieving those purposes and principles of sentencing." R.C. 2929.12(A). The first assignment of error is without merit.
 {¶ 17} Based on our disposition of the second assignment of error, we reverse the judgment entry of sentence of the Ashtabula County Court of Common Pleas and remand for proceedings in light of the "remedial severance and interpretation of Ohio's felony sentencing statutes," as explained in Foster. 2006-Ohio-856, at ¶ 107. Under this remedy, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
William M. O'Neill, J., Cynthia Westcott Rice, J., concur.
[1] Cf. State v. Jones, 9th Dist. No. 22811, 2006-Ohio-1820, holding that where an appellant's assignment of error is predicated on the failure of the court's findings, rather than the statute's constitutionality, the appellant has failed to preserve the issue for review. Id. at ¶¶ 19-23. In State v.Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, however, the Supreme Court reversed a sentence on the basis of Foster, although the judgment was affirmed in regard to the issues raised on appeal.