OPINION
{¶ 1} Defendant-appellant, Kenneth Rice, pled guilty to one count of aggravated vehicular homicide resulting from driving under the influence in violation of R.C. 2903.06(A)(1)(a). The Warren County Court of Common Pleas sentenced appellant to five years in prison.
 {¶ 2} In a single assignment of error, appellant first argues that the trial court's decision to impose a prison sentence greater than the minimum violated his Sixth Amendment right to a jury trial and Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531. We disagree.
 {¶ 3} An appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record, or is "otherwise contrary to law." R.C. 2953.08(G)(2). Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Boshko (2000), 139 Ohio App.3d 827, 835.
 {¶ 4} The prison term for a felony of the second degree ranges from two to eight years. R.C. 2929.14(A)(2). Because appellant was convicted of a second-degree felony charge of aggravated vehicular homicide, the trial court was required to impose a mandatory prison term of two to eight years. R.C.2903.06(E) and 2929.13(F)(4). Prior to the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, R.C. 2929.14(B) required a sentencing court to make certain judicial fact findings before imposing a prison sentence greater than the minimum. In Foster, the supreme court held that portions of Ohio's statutory sentencing scheme were unconstitutional. Among the statutory provisions found unconstitutional was R.C. 2929.14(B). Id. at ¶ 97-99. The supreme court severed R.C. 2929.14(B) from the sentencing code and instructed that all cases pending on direct review in which the unconstitutional sentencing provisions were utilized must be remanded for resentencing. Id. at ¶ 104.
 {¶ 5} Appellant's contention he was sentenced under an unconstitutional statutory provision or in violation of Blakely
and his Sixth Amendment right to a jury trial is without merit.[1] At no time, either by entry or during the sentencing hearing did the trial court ever make the then required judicial findings under R.C. 2929.14(B) before it sentenced appellant to more than the minimum prison term. Nor did the court cite or refer to R.C. 2929.14(B). In fact, the trial court never acknowledged or referred to the fact it was sentencing appellant to more than the minimum prison term. Thus, given the fact that the trial court did not utilize R.C.2929.14(B) to sentence appellant, his five-year prison term is not "otherwise contrary to law."
 {¶ 6} We further find that appellant's sentence is supported by the record. The presentence investigation report and the testimony at the sentencing hearing show that prior to January 1, 2005, the day of the accident, (1) appellant had already been convicted three times of driving under the influence of alcohol ("DUI"), (2) the most recent DUI conviction was in 2003, and (3) he was on probation for that conviction when he drove intoxicated on January 1, 2005 and killed the victim in a head-on collision as he was passing a vehicle that was driving too slow for him. Although the record also shows that appellant is remorseful, we find there was ample evidence for the court's conclusion that a five year prison term was warranted.
 {¶ 7} We therefore uphold appellant's sentence. As a result, we need not and decline to consider appellant's additional arguments that the severance remedy outlined in Foster violates the United States Constitution and controlling precedent of the United States Supreme Court. The assignment of error is overruled.
 {¶ 8} Judgment affirmed.
Powell, P.J. and Bressler, J., concur.
[1] We note that the sentencing entry orders that appellant "serve a term of 5 years in prison, of which 5 years is a mandatory term pursuant to R.C. 2929.13(F) [and] 2929.14(D)(3)[.]" Among the statutory provisions found unconstitutional in Foster were R.C. 2929.14(D)(2)(b) and (D)(3)(b) which required judicial fact findings before penalty enhancements could be imposed on a repeat violent offender sentenced to a maximum prison term or a major drug offender.Foster, 109 Ohio St.3d at ¶ 78, 80. R.C. 2929.14(D)(2)(b) and (D)(3)(b) do not apply to the case at bar. We are at a loss as to why the sentencing entry cites to R.C. 2929.14(D)(3).