DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Timothy T. Johnson, appeals the sentence imposed by the Ottawa County Court of Common Pleas following a remand from this court for resentencing pursuant to the Ohio Supreme Court's ruling inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. For the reasons that follow, we affirm the judgment of the trial court. *Page 2 
 {¶ 2} On August 25, 2005, appellant entered guilty pleas to five drug related fifth degree felony offenses and one count of sexual imposition, a third degree misdemeanor. At sentencing, the lower court reviewed the sentencing factors set forth in R.C. 2929.14(B), (C) and (E)(4), and sentenced appellant to the maximum term of 12 months incarceration on each drug charge and ordered that the five terms be served consecutively. On the misdemeanor charge of sexual imposition, the court sentenced appellant to 60 days incarceration and ordered that that term be served concurrently with the other five terms.
 {¶ 3} Appellant filed a direct appeal to this court. On December 29, 2006, this court remanded the case for resentencing based on the fact that the trial court had relied on statutory law found to be unconstitutional in Foster. On remand, appellant was sentenced to 12 months on each drug charge. The court ordered four of the terms to be served consecutively. Appellant was again sentenced to 60 days incarceration for the misdemeanor charge. The remaining drug sentence and the misdemeanor sentence were ordered to be served concurrently with the four drug sentences. Appellant now appeals setting forth the following assignments of error:
 {¶ 4} "I. A review of the trial court's decision to impose maximum and consecutive sentences as to the five felony counts of the indictment shows by clear and convincing evidence that the Court of Appeals should reduce or otherwise modify the sentence, as the record does not support the sentencing court's findings under applicable sections of the Ohio Revised Code, and the sentence is otherwise contrary to law. *Page 3 
 {¶ 5} "II. The trial court's imposition of sentence violates the appellant's due process rights and rights pursuant to the ex post facto clause, under the 6th and 14th amendments to the U.S. Constitution."
 {¶ 6} Citing R.C. 2953.08(G), appellant, in his first assignment of error, contends that this court should reduce or modify his sentence as the record does not support the sentencing court's findings under applicable sections of the Ohio Revised Code and the sentence is otherwise contrary to law. R.C. 2953.08(G) states:
 {¶ 7} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 8} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (D)(2)(e) or (E)(4) of section 2929.14, or division (H) of section2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 9} "(b) That the sentence is otherwise contrary to law."
 {¶ 10} Prior to appellant's resentencing, the Ohio Supreme Court decided State v. Foster, supra, which declared certain portions of Ohio's sentencing laws unconstitutional as violative of a defendant'sSixth Amendment right to a jury trial. Specifically, Foster held the following statutory sections unconstitutional: R.C. 2929.14(B), (C), (D)(2)(b), *Page 4 
(D)(3)(b), and (E)(4); R.C. 2929.19(B)(2); and R.C. 2929.41(A). InFoster, the Supreme Court specifically stated that, "* * * the sentencing review statute, R.C. 2953.08(G), remains effective, although no longer relevant with respect to the statutory sections severed byFoster." State v. Saxon, 109 Ohio St.3d 176.
 {¶ 11} With regard to the standard of our review, even afterFoster, an appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record, or is "otherwise contrary to law." R.C.2953.08(G)(2). State v. Rhodes, 12th Dist. No. CA2005-10-426,2006-Ohio-2401, ¶ 4; State v. Vickroy, 4th Dist. No. 06CA4,2006-Ohio-5461, ¶ 15; State v. White, 11th Dist. No. 2005-A-0086,2006-Ohio-5370. Clear and convincing evidence is "that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 12} R.C. 2929.12 still remains viable after Foster. In pertinent part, the statute states:
 {¶ 13} "(A) Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In *Page 5 
exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.
 {¶ 14} "(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 {¶ 15} "* * *
 {¶ 16} "(7) The offender committed the offense for hire or as a part of an organized criminal activity."
 {¶ 17} In sentencing appellant, the court found that appellant's offenses were part of an organized crime activity. Appellant contends that the record does not support this finding. We disagree.
 {¶ 18} The record shows that appellant was observed by the Ottawa County Drug Task Force selling drugs in various locations such as in front of businesses, in parking lots, from a hotel room and out of an automobile. When he was arrested in the hotel room, he was found with $1,275 and 14 grams of cocaine. The charge of sexual imposition arose from the fact that a woman told police that appellant had raped her and forced her to help him in his drug transactions by renting a hotel room. We find this to be *Page 6 
clear and convincing evidence that appellant's offenses were part of an organized crime activity. Appellant's first assignment of error is found not well-taken.
 {¶ 19} In his second assignment of error, appellant claims that the Supreme Court of Ohio's remedy to the unconstitutional nature of certain sentencing statutes provided in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, itself violates the federal constitution. This court has repeatedly held that the Foster remedy does not violate the Due Process Clause, the Ex Post Facto Clause, or the rule of lenity. See State v.Coleman, 6th Dist. No. S-06-023, 2007-Ohio-448; State v. Barber, 6th Dist. No. WD-06-036, 2007-Ohio-2821; State v. Johnson, 6th Dist. No. L-06-1364, 2007-Ohio-3470; State v. Robinson, 6th Dist. No. L-06-1205,2007-Ohio-3577; State v. Valenti, 6th Dist. No. WD-07-004,2007-Ohio-4911. Therefore, appellant's second assignment of error is found not well-taken.
 {¶ 20} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 7 
Mark L. Pietrykowski, P.J., Arlene Singer, J., William J. Skow, J. Concur. *Page 1