DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which resentenced defendant-appellant, Robert E. Jenkins, after we remanded the case for resentencing in light of the Supreme Court of Ohio's decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. Appellant now challenges that sentence through the following assignment of error: *Page 2 
 {¶ 2} "The trial court abused its discretion under the sentencing guidelines of R.C. § 2929.11 and § 2929.12 by sentencing appellant to consecutive sentences."
 {¶ 3} On May 20, 2005, appellant was indicted and charged with six counts of rape, in violation of R.C. 2907.02(A)(1)(b), all first degree felonies, and one count of gross sexual imposition, in violation of R.C.2907.05(A)(4), a third degree felony. The victims of the offenses were appellant's step daughters, who were also his nieces, and were less than 13 years of age when the offenses occurred over a four to five year period. Ultimately, appellant entered pleas of no contest to, and was convicted of, reduced charges: three counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), third degree felonies, and one count of attempted gross sexual imposition in violation of R.C. 2923.02 and2907.05(A)(4), a fourth degree felony.
 {¶ 4} On November 17, 2005, appellant was sentenced to a total of 12 years in prison, four years each on the gross sexual imposition charges, with those terms running consecutively, and 16 months on the attempted gross sexual imposition charge, with that term running concurrently to the terms on the other counts. A nolle prosequi was entered as to the remaining three charges. On original appeal, we reversed appellant's sentence, finding that the consecutive nature of the sentences was unconstitutional pursuant to Foster, supra. State v. Jenkins, 6th Dist. No. L-05-1405, 2007-Ohio-99. On March 2, 2007, the lower court held a new sentencing hearing pursuant to our mandate. After taking statements from appellant and appellant's counsel, the lower court addressed appellant. The court stated that it had reexamined the case but saw nothing that *Page 3 
convinced him to change the previously imposed sentence. In its judgment entry of that same day, the court stated that it had considered the record, oral statements, any victim impact statement and presentence report, as well as the principles and purposes of sentencing under R.C.2929.11, and it had balanced the seriousness and recidivism factors under R.C. 2929.12. The court then again sentenced appellant to three consecutive terms of imprisonment of four years each and a concurrent term of 16 months, for a total prison term of 12 years. Appellant now challenges that sentence on appeal.
 {¶ 5} In his sole assignment of error appellant asserts that the lower court abused its discretion in imposing consecutive sentences upon him by unreasonably and arbitrarily applying the seriousness and recidivism factors of R.C. 2929.12.
 {¶ 6} Initially, we must address the issue of the proper standard of review to be applied to the appellate review of post-Foster sentences. Appellant argues that the proper standard is abuse of discretion and cites State v. Saunders, 5th Dist. No. 2006-CA-00058, 2007-Ohio-1080, in support. The state counters that the applicable standard of review is set forth in the portions of R.C. 2953.08(G) that remain viablepost-Foster, and that standard is clear and convincing evidence. The state cites State v. Burton, 10th Dist. No. 06AP-690, 2007-Ohio-1941, in support.
 {¶ 7} Following the Supreme Court of Ohio's decision inFoster, there was some confusion among the appellate districts regarding the standard of review to apply to maximum, consecutive, or more than minimum felony sentences. This evidently arose *Page 4 
from the Foster court's holding that R.C. 2953.08(G), the appellate statute, no longer applies insofar as it refers to the sentencing statutes that the court held unconstitutional and severed.Foster, supra at ¶ 99. The Saunders case cited by appellant interpreted this to mean that Foster eliminated the clear and convincing standard "and left a void concerning the applicable standard of review in sentencing matters." Id. at ¶ 21. The Fifth District therefore reinstituted the abuse of discretion standard in reviewing the imposition of consecutive sentences. The Ninth District Court of Appeals has also interpreted Foster as eliminating the clear and convincing standard. State v. Windham, 9th Dist. No. 05CA0033, 2006-Ohio-1544. Numerous other appellate districts, however, including this one, have followed a different path.
 {¶ 8} In State v. Johnson, 6th Dist. No. OT-07-007, 2007-Ohio-6000, ¶ 11, we stated: "With regard to the standard of our review, even afterFoster, an appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is `otherwise contrary to law.' R.C.2953.08(G)(2). State v. Rhodes, 12th Dist. No. CA2005-10-426,2006-Ohio-2401, ¶ 4; State v. Vickroy, 4th Dist. No. 06CA4,2006-Ohio-5461, ¶ 15; State v. White, 11th Dist. No. 2005-A-0086,2006-Ohio-5370." See, also, State v. Sheppard, 1st Dist. Nos. C-060042, C-060066, 2007-Ohio-24, ¶ 16; State v. Parrish, 2d Dist. No. 21206,2006-Ohio-4161, ¶ 62; State v. Ramos, 3d Dist. No. 4-06-24,2007-Ohio-767, ¶ 23; State v. Warren, 7th Dist. No. 05 MA 91,2006-Ohio-1281, ¶ 12-17; State v. Burton, supra, ¶ 29; State v.Rice, 12th Dist. No. CA2006-01-002, 2006-Ohio-5511, ¶ 3. Clear and convincing *Page 5 
evidence is "that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 9} We must now determine whether the record demonstrates clear and convincing evidence that appellant's consecutive sentences were contrary to law. Appellant questions whether the facts, as presented at the sentencing hearing and within the presentence investigation report, were properly considered under the sentencing guidelines of R.C. 2929.11 and2929.12. He does not state, however, the facts to which he is referring.
 {¶ 10} R.C. 2929.11 and 2929.12 remain viable after Foster, and provide the guiding principles for felony sentencing. R.C. 2929.11(A) states:
 {¶ 11} "A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Page 6 
 {¶ 12} R.C. 2929.12(A) then provides:
 {¶ 13} "Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing."
 {¶ 14} The seriousness factors under R.C. 2929.12(B) that the trial court recognized included:
 {¶ 15} "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 {¶ 16} "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 {¶ 17} "* * *
 {¶ 18} "(6) The offender's relationship with the victim facilitated the offense."
 {¶ 19} Regarding recidivism, the court determined pursuant to R.C.2929.12(D)(5), that appellant showed no genuine remorse. *Page 7 
 {¶ 20} At the resentencing hearing below, the trial judge stated that he could not find any reason to change the sentence that he had previously imposed and noted the above seriousness and recidivism factors. In particular, the court noted that the victims were very young children at the time of the events; that appellant, as both their uncle and their step-father, violated a position of trust and took advantage of the fact that he lived in the house with their mother and could molest them in his room; and that appellant had no genuine remorse. These findings are supported by the presentence investigation report. It is further noteworthy that at the resentencing hearing below, appellant continued to deny that he had committed the crimes and, as such, continued to show no genuine remorse.
 {¶ 21} The statutory range for a third degree felony is one to five years imprisonment. R.C. 2929.14(A)(3). Appellant was found guilty of three third degree felonies and was sentenced to four years imprisonment on each count, with the terms to run consecutively. We find that there was clear and convincing evidence to support the trial court's sentence and the sole assignment of error is not well-taken.
 {¶ 22} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 8 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J., CONCUR. *Page 1