DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the January 11, 2007 judgment of the Lucas County Court of Common Pleas, which sentenced appellant, James Munn, following his entry of a plea pursuant to North Carolina v. Alford and his conviction of involuntary manslaughter with a firearm specification. Pursuant to the guidelines set forth in Anders v. California (1967),386 U.S. 738, appellant's court-appointed counsel has filed an *Page 2 
appellate brief and motion to withdraw as counsel. She mailed a copy of the brief and motion to appellant and informed him that he had a right to file his own brief. Appellant did not file a brief asserting any issues for our consideration.
 {¶ 2} Appellant's counsel states in her motion that she carefully reviewed the record in this case and concluded that the trial court did not commit any error prejudicial to appellant. However, in compliance with the requirements of Anders v. California, supra, appellant's counsel has submitted a brief wherein she reviewed possible assignments of error, including ineffective assistance of counsel and an excessive sentence.
 {¶ 3} This court now has the obligation to fully examine the record in this case to determine whether the appeal is frivolous. Anders v.California (1967), 386 U.S. 738, 744.
 {¶ 4} Because of the limited issues that can be raised on appeal from a conviction based upon an Alford plea, appellant's counsel considered two areas where potential errors could be raised. The first possible issue for appeal was whether trial counsel rendered effective assistance. To sustain an allegation of ineffective assistance of counsel, appellant bears the burden of proving that: (1) there was a substantial violation of the attorney's duty to his client, and (2) the defense was prejudiced by the attorney's actions or breach of duty in that there is a reasonable probability of a different result in the case. Strickland v. Washington (1984), 466 U.S. 668, 687 and State v.Smith (1985), 17 Ohio St.3d 98, 100. *Page 3 
 {¶ 5} Upon a review of the record, we find that appellant's trial counsel sufficiently and properly advocated on his behalf.
 {¶ 6} The second potential assignment of error on appeal raised by appellant's counsel was whether he was properly sentenced.
 {¶ 7} After R.C. 2929.19(B)(2) was declared unconstitutional inFoster, supra, and was severed from the felony sentencing statutes, trial courts once again "* * * have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, supra, at ¶ 100. But, in exercising its discretion, the court must still consider the purposes and principles of felony sentencing and the seriousness and recidivism factors that apply to every felony case pursuant to R.C. 2929.11 and2929.12. State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38.
 {¶ 8} R.C. 2929.11(A) provides that the trial court must be guided by the "overriding purposes of felony sentencing," which are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(B) states that a felony sentence "must be reasonably calculated to achieve the purposes set forth under R.C.2929.11(A), commensurate with and not demeaning to the seriousness of the crime and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." Finally, R.C. 2929 .12 sets forth factors concerning the seriousness of the offense and recidivism factors that the court must consider in addition to any other relevant factors. *Page 4 
 {¶ 9} Nonetheless, the standard of review on appeal afterFoster remains, pursuant to R.C. 2953.08(G)(2), to be whether there is clear and convincing evidence that the sentence is supported by the record and whether the sentence is imposed in accordance with the law.State v. Jenkins, 6th Dist. No. L-07-1094, 2008-Ohio-2097, ¶ 7-8.
 {¶ 10} In the case before us, we have examined the sentencing hearing transcript and found that there is clear and convincing evidence to support the trial court's sentence and it was imposed in accordance with the law.
 {¶ 11} After having reviewed the entire lower court's proceedings, we have determined that there is no merit to the potential errors considered by appellant's appointed counsel. In addition, our review of the record does not disclose any other errors by the trial court which would justify a reversal of the judgment. Therefore, we find this appeal to be wholly frivolous. Counsel's request to withdraw as appellate counsel is found well-taken and is hereby granted.
 {¶ 12} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 5 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Thomas J. Osowik, J., Concur. *Page 1