JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Aikeem Chambers, appeals from a judgment of the Cuyahoga County Court of Common Pleas, sentencing him on remand after State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. For the following reasons, we affirm.
 {¶ 2} Appellant was indicted in May 2005 by the Cuyahoga County Grand Jury on five counts of rape, two counts of gross sexual imposition, and one count of kidnapping. The victim was a 20-year-old mentally challenged woman. Prior to trial, the state nolled all but one of the rape counts, as well as one of the gross sexual imposition counts. The case proceeded to a jury trial on three counts: rape, gross sexual imposition, and kidnapping.
 {¶ 3} In August 2005, the jury found Chambers guilty on all three counts. The trial court sentenced Chambers to an aggregate prison term of eight years: five years on the rape conviction, to be served consecutively to three years on the kidnapping conviction, and six months on the gross sexual imposition, to be served concurrently with the rape and kidnapping sentence. The trial court also adjudicated Chambers a habitual sexual offender.
 {¶ 4} Chambers appealed his convictions and sentence. This court affirmed his convictions, but reversed his sentence and remanded pursuant to Foster. State v. Chambers, 8th Dist. No. 87142,2006-Ohio-5007, at _49. Upon remand, the trial court sentenced Chambers to the same sentence it had previously imposed. It *Page 4 
is from this judgment that Chambers appeals, raising two assignments of error for our review:
 {¶ 5} "[1.] The trial court erred by ordering appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14(e)(4).
 {¶ 6} "[2.] The trial court abused its discretion and violated appellant's rights under Crim. R. 32 and the Sixth andFourteenth Amendments to the U.S. Constitution and Section 10, Article I of the Ohio Constitution when it did not allow defense counsel to offer information in mitigation of punishment on appellant's behalf."
 {¶ 7} In his first assignment of error, Chambers maintains that the trial court did not make the appropriate judicial findings it was required to make before imposing consecutive sentences under R.C. 2929.14(E)(4). Chambers also argues that since his criminal conduct "pre-dated the release of Foster," retroactively applyingFoster to his case violates the Ex Post Facto and Due Process Clauses of the United States and Ohio Constitutions. This court does not find merit in either argument.
 {¶ 8} An appellate court reviews a sentence pursuant to R.C. 2953.08(G)(2), which provides in part:
 {¶ 9} "[t]he appellate court may increase, reduce, or otherwise modify a sentence that is appealed * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is *Page 5 
not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds * * *:
 {¶ 10} "* * *
 {¶ 11} "(b) That the sentence is otherwise contrary to law."[1]
 {¶ 12} See State v. Moore, 8th Dist. No. 89779,2008-Ohio-2365, ¶ 24; State v. Donahue, 8th Dist. No. 89111, 2007-Ohio-6825, ¶ 13. See, also, State v. Johnson, 6th Dist. No. OT-07-007, 2007-Ohio-6000, ¶ 11; State v. Rhodes, 12th Dist. No. CA2005-10-426, 2006-Ohio-2401, ¶ 4; State v. Vickroy, 4th Dist. No. 06CA4, 2006-Ohio-5461, ¶ 15; State v. White, 11th Dist. No. 2005-A-0086,2006-Ohio-5370, ¶ 13; State v. Sheppard, 1st Dist. Nos. C-060042, C-060066, 2007-Ohio-24, ¶ 16; State v. Parrish, 2d Dist. No. 21206,2006-Ohio-4161, ¶ 62; State v. Ramos, 3d Dist. No. 4-06-24,2007-Ohio-767, ¶ 23; State v. Warren, 7th Dist. No. 05 MA 91,2006-Ohio-1281, TJ12-17; State v. Rice, 12th Dist. No. CA2006-01-002,2006-Ohio-5511, ¶ 3. *Page 6 
 {¶ 13} We must now determine whether the record demonstrates clear and convincing evidence that Chambers' consecutive sentences were contrary to law.
 {¶ 14} Prior to Foster, unless certain findings were made by the trial court, a defendant was entitled to a presumption of the minimum sentence and a presumption of concurrent sentences. Foster at _44, citing R.C. 2929.14(B), (C) and (E). The Supreme Court of Ohio, however, declared these statutory subsections unconstitutional. Id. at paragraphs one and three of the syllabus. Post-Foster, a court is no longer required to engage in the judicial fact-finding exercise formerly mandated by these statutes and therefore, a defendant is no longer entitled to a presumption of the shortest prison term or concurrent sentences. Id. at paragraphs two and four of the syllabus. Moreover, post-Foster, a court is vested with the discretion to sentence a defendant to any sentence allowable by law under R.C. 2929.14(A). Id. at paragraph seven of the syllabus.
 {¶ 15} The trial court sentenced Chambers within the statutory range for each conviction, making two of them consecutive to one another, as permitted with the statutory framework, and thus, Chambers' sentence was not contrary to law.
 {¶ 16} In addition, Chambers argues that retroactively applyingFoster violates the Ex Post Facto and Due Process Clauses of the United States Constitution. It is now well established that Foster does no such thing. See State v. Mallette, 8th Dist. No. 87984, 2007-Ohio-715, discretionary appeal not allowed, 115 Ohio St.3d 1439, 2007-Ohio-5567, and State v. Dawson, 8th Dist. No. 88485, 2007-Ohio-2761. *Page 7 
Moreover, every appellate court in the state has reached the same conclusion. Dawson at _11, fn. 1, citing the other districts.
 {¶ 17} Chambers' first assignment of error is overruled.
 {¶ 18} In his second assignment of error, Chambers argues that the trial court did not properly follow the mandates of Crim. R. 32(A)(1) upon remand. He maintains that since he was entitled to a de novo sentencing hearing, the trial court erred when it did not permit his attorney to offer mitigating evidence regarding programs he completed while he was in prison since the time of his conviction.
 {¶ 19} A resentencing hearing mirrors an original sentencing hearing and thus, under Crim. R. 32(A)(1), prior to resentencing an offender, the trial court must, "afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."
 {¶ 20} In this case, the trial court permitted counsel to make a statement on Chambers' behalf. After summarizing Chambers' first convictions and sentence to the court, defense counsel requested that the court sentence Chambers to concurrent sentences, rather than consecutively. Counsel stated that the trial court should apply the law as it existed prior to Foster. Counsel argued that not doing so would violate Chambers' constitutional rights.
 {¶ 21} Defense counsel then attempted to tell the court about programs that Chambers had been involved in since he had been convicted. Counsel stated, *Page 8 
"[y]our Honor, while in prison, Mr. Chambers is working on his GED — ." The court interrupted Chambers' counsel, and stated, "I don't think that's relevant."
 {¶ 22} The trial judge then asked Chambers if he wished to make a statement or present mitigation evidence. Chambers responded, "[y]es, your Honor. This is gonna' take some time. I do wish to say some things." The trial court then permitted Chambers to "say some things," maintaining his "innocence" in the crime, for three pages of the transcript.
 {¶ 23} When Chambers was done with his allocution, his defense counsel again implored the trial court to permit him to speak on Chambers' behalf regarding "programs he completed while he was in prison." But the trial court did not allow him to do so and stated, "I don't think that is * * * relevant here."
 {¶ 24} The Ohio Supreme Court has determined that Crim. R. 32(A)(1) confers an absolute right of allocution. State v. Green (2000),90 Ohio St.3d 352, 358; State v. Campbell (2000), 90 Ohio St.3d 320, 324-325. "The purpose of allocution is to allow the defendant an additional opportunity to state any further information which the judge may take into consideration when determining the sentence to be imposed."Defiance v. Cannon (1990), 70 Ohio App.3d 821, 828. See, also, State v.Muntaser, 8th Dist. No. 81915, 2003-Ohio-5809.
 {¶ 25} The trial court judge in this case personally addressed Chambers, asking him if he wished to make a statement or present any mitigating evidence. In fact, the judge permitted Chambers to speak about matters not relevant to mitigating *Page 9 
his sentencing. Rather than show any remorse for raping and assaulting a mentally challenged woman, Chambers went on for three pages of the transcript claiming he was wrongfully identified in the crime.
 {¶ 26} The plain language of the rule, however, does require the court to permit defense counsel to "speak on behalf of the defendant." The trial court here did permit defense counsel to speak on behalf of Chambers, but not regarding prison programs.
 {¶ 27} Even if the trial court should have permitted Chamber's counsel to inform the court about Chamber's prison programs, which he participated in after his convictions, it was not prejudicial error.Campbell, supra, at 325.
 {¶ 28} This is not a case where prejudicial error exists because a trial court refused to allow counsel or the defendant to speak, or a case where a trial court failed to address the defendant personally. SeeState v. Cowen, 167 Ohio App.3d 233, 2006-Ohio-3191 (Second District found prejudicial error where the trial court failed to ask defense counsel or the defendant if they had anything to say); State v.Merz, 12th Dist. No. CA97-05-108, 2000 Ohio App. LEXIS 3414 (trial court failed to comply with Crim. R. 32(A)(1); although it permitted defense counsel to speak on defendant's behalf, it failed to personally address the defendant and ask if he wanted to exercise his right to allocution).
 {¶ 29} In the present case, the trial court had the record before it, and was aware of the facts and circumstances of the crimes Chambers committed; after *Page 10 
Chambers and another man began talking to a 20-year-old mentally challenged woman in a convenience store, they followed her out of the store, unsuccessfully attempted to pull her into a car, followed her seven blocks, took her behind a house, pushed her onto the wet ground, and both men began sexually assaulting her. Chambers raped her and when he finished, he wiped his penis on her pants. Chambers' DNA matched the DNA collected from the semen stains on the victim's pants.
 {¶ 30} Chambers' second assignment of error lacks merit.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY JANE BOYLE, JUDGE
JAMES J. SWEENEY, A.J., and CHRISTINE T. MCMONAGLE, J., CONCUR
[1] Besides a limited remand under R.C. 2953.08(G)(1) (when a trial court overrides the presumption for prison for a first-or second-degree felony), the portion of the statute quoted here is what remains of R.C. 2953.08 after Foster. "[P]re-Foster, R.C. 2953.08(G)(1) provided an opportunity for remand to the trial court if required [judicial] findings were missing." State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, at _34. However, "judicial fact-finding is no longer required * * *, [thus] there is no longer any reason to apply (G)(1) to upward departures." Mathis at _35. We also note that (G)(2)(a), which gave appellate courts authority to increase, reduce, modify, or vacate a sentence if the record did not support the trial court's findings, no longer serves any purpose to appellate courts, since judicial fact-finding has been excised by Foster.
Whether an appellate court should apply a clear and convincing/contrary to law standard or an abuse of discretion standard when reviewing a felony sentence, is currently pending before the Supreme Court of Ohio. See State v. Kalish, Slip Opinion 2007-Ohio-6803. Oral arguments on the case were heard on May 21, 2008. *Page 1