DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, following a no contest plea, in which the trial court found appellant, Dwayne Alexander, guilty of one count of attempted rape, determined that appellant is a sexually oriented offender, and sentenced him to serve eight years in prison. For the following reasons, we affirm the judgment of the trial court. *Page 2 
 {¶ 2} On January 6, 2007, appellant had an argument with his live-in girlfriend, the victim in this case. After the argument, appellant left the home. The victim then left and spent some time with her adult daughter. Later, she returned home, accompanied by an unrelated male, with whom appellant suspected she was having an affair. After waiting for the victim to be alone, appellant entered the home and proceeded to humiliate, beat, and repeatedly rape her. The attack ceased shortly before the victim's two young sons, ages 15 and nine, were to return home. The victim reported the attack later that day. Appellant was arrested and initially charged with domestic violence. However, on February 20, 2007, the Lucas County Grand Jury indicted appellant on two counts of rape, in violation of R.C. 2907.02(A)(2) and (B).
 {¶ 3} On May 29, 2007, appellant entered a no contest plea to one count of attempted rape, in violation of R.C. 2923.02 and 2907.02(A)(2) and (B), a second degree felony. On May 30, 2007, a plea hearing was held at which the trial court inquired of appellant and determined that his plea was knowingly and voluntarily made, and that appellant understood the charges and the potential maximum penalty involved. Thereafter, the trial court accepted appellant's plea and found him guilty of attempted rape. A presentence investigation report was ordered, and appellant was referred to the Court Diagnostic and Treatment Center ("CDTC") for a sexual offender evaluation.
 {¶ 4} A combined sexual predator determination and sentencing hearing was held on June 26, 2007, at which the trial court stated that it had reviewed the entire record in this case, including appellant's presentence investigation report, the written evaluation of *Page 3 
Gregory Forgac, Ph.D., a psychologist at CDTC, and appellant's criminal record in Michigan, where he had been convicted of armed robbery and auto theft in 1984. The trial court determined that appellant was a sexually oriented offender and sentenced him to a maximum prison term of eight years, to be served consecutively with a previous sentence imposed for violating his parole in the Michigan case. A nolle prosequi was entered as to the remaining rape charge.
 {¶ 5} Appellant now appeals, setting forth the following assignment of error:
 {¶ 6} "Assignment of error number one
 {¶ 7} "The court erred in imposing a maximum prison term. The defendant is entitled to de novo review of his maximum sentence."
 {¶ 8} On appeal, appellant does not contest his designation as a sexually oriented offender. However, appellant asserts that he is entitled to a review of his maximum sentence. In support, appellant argues that the trial court imposed the maximum sentence without considering all of the relevant factors pursuant to R.C. 2929.11 and2929.12. Specifically, appellant argues that there were "outside factors" that caused his actions to be more violent in this particular case, including his suspicion that his girlfriend was cheating on him with another man, and his consumption of large amounts of alcohol just prior to the attack. Accordingly, appellant asks this court to reduce or modify his sentence pursuant to R.C. 2953.08(G), since he "does not meet the * * * criteria for a maximum sentence." *Page 4 
 {¶ 9} In State v. Foster, 109 Ohio St.3d 1, the Supreme Court of Ohio struck down certain parts of Ohio's sentencing statutes, which previously required judicial factfinding before imposing prison sentences, by holding that: "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id., paragraph seven of the syllabus.
 {¶ 10} Despite the Ohio Supreme Court's use of the word "discretion," this court has stated that "even after Foster an appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is `otherwise contrary to law.'" State v. Johnson, 6th Dist. No. OT-07-007,2007-Ohio-6000, ¶ 11; R.C. 2953.08(G)(2). "Clear and convincing evidence is `that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" State v.Jenkins, 6th Dist. No. L-07-1094, 2008-Ohio-2097, ¶ 8, quoting Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 11} R.C. 2929.11 and 2929.12, which were not abrogated byFoster, still "provide the guiding principles for felony sentencing."Jenkins, supra, ¶ 10. R.C. 2929.11 states: *Page 5 
 {¶ 12} "A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 {¶ 13} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders. * * *."
 {¶ 14} R.C. 2929.12(A) states, that:
 {¶ 15} "A) * * *[A] court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing." *Page 6 
 {¶ 16} The applicable seriousness factors, as set forth in R.C. 2929.12(B), are:
 {¶ 17} "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 {¶ 18} "* * *
 {¶ 19} "(6) The offender's relationship with the victim facilitated the offense.* * *"
 {¶ 20} The applicable factor indicating that appellant's conduct was less serious, pursuant to R.C. 2929.12(C)(2), is appellant's claim that, in committing the offense, he acted under strong provocation.
 {¶ 21} As set forth above, appellant was found guilty of attempted rape, in violation of R.C. 2923.02 and 2907.02(A)(2) and (B), a second degree felony. The statutory range for a second degree felony is two to eight years. R.C. 2929.14(A)(2). At the sentencing hearing, the trial court noted that appellant "brutalized" his victim, as verified by hospital records. The trial court also noted that appellant was convicted of misdemeanor petty theft, drug abuse and disorderly conduct offenses as a juvenile, in addition to his conviction for armed robbery and auto theft in Michigan, and that appellant was on still parole in Michigan when he committed the offense in this case. Thereafter, the trial court found, after taking into account "the nature and circumstances of this case," that appellant is not amenable to community control, and sentenced him to serve the maximum prison term of eight years. *Page 7 
 {¶ 22} This court has reviewed the entire record in this case and, upon consideration thereof, finds that there was clear and convincing evidence to support the trial court's sentence. Appellant's sole assignment of error is, therefore, not well-taken.
 {¶ 23} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4. *Page 1