[Cite as *State v. King*, 2011-Ohio-3985.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95972**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**KARLENE KING**

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-474651

**BEFORE:** S. Gallagher, J., Sweeney, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** August 11, 2011

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, OH 44113-2098

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: James A. Gutierrez
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

SEAN C. GALLAGHER, J.:

**{¶ 1}** Appellant Karlene King appeals from her resentencing in the Cuyahoga County Court of Common Pleas. For the reasons stated herein, we reverse and remand.

**{¶ 2}** King was indicted in three underlying cases. In April 2001, she was charged in Case No. CR-409062 with one count each of forgery, uttering, and possession of criminal tools. In January 2006, she was charged in Case No. CR-474651 with 21 counts of theft, two counts of identity fraud, two counts of possessing criminal tools, 28 counts of misuse of credit cards, and 28 counts of receiving stolen property. In October

2006, she was charged in Case No. CR-487580 with one count each of identity fraud, receiving stolen property, misuse of credit cards, and obstructing official business.

{¶ 3} In May 2008, King pleaded guilty to all counts in the three cases. The trial court sentenced her to a total prison term of 12 months in CR-409062, 15.5 years in CR-474651, and 17 months in CR-487580. The court ordered the total sentence in each case to run consecutive to the others, for an aggregate prison term of 17 years, 11 months. Following sentencing, King filed a motion to waive court costs that was denied by the trial court.

{¶ 4} On direct appeal, this court found King's speedy-trial rights were violated in CR-409062 and vacated her conviction and sentence in that case. *State v. King*, 184 Ohio App.3d 226, 2009-Ohio-4551, 920 N.E.2d 399, ¶ 16-18, appeal not allowed by 124 Ohio St.3d 1446, 2010-Ohio-188, 920 N.E.2d 375. The court rejected her claim that her plea was not knowingly, intelligently, and voluntarily made and found the plea was taken in substantial compliance with Crim.R. 11. Id. at ¶ 24-31. The court found plain error in failing to orally pronounce sentence in CR-474651 on Counts 33, 35, 42, 47, and 56. Id. at ¶ 38-40. The court vacated the sentences on those counts and remanded the matter for resentencing only on those counts. Id. at ¶ 44. The court affirmed other aspects of the sentence, including the imposition of consecutive sentences. Id. at ¶ 43. The court also rejected a claim of ineffective assistance of counsel. Id. at ¶ 48.

{¶ 5} On October 7, 2010, the trial court resentenced King in CR-474091 on Counts 33, 35, 42, 47, and 56 to a prison term of "12 months on each count; all to run

concurrent and concurrent to all other cases[.]" Her total sentence in that case remained 15.5 years. The court further advised King that she may be subject to three years of postrelease control. Her total aggregate sentence in CR-474091 and CR-487580 is 16 years, 11 months.

{¶ 6} King timely filed this appeal. She raises five assignments of error for our review. Her first assignment of error provides as follows: "1. [King] was denied due process of law when the court imposed a sentence without affording defendant her right of allocution."

{¶ 7} Under Crim.R. 32(A)(1), before imposing sentence, the trial court shall "afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." The Ohio Supreme Court has held that the right of allocution is absolute and has indicated that trial courts must painstakingly adhere to Crim.R. 32, guaranteeing the right of allocution. *State v. Green*, 90 Ohio St.3d 352, 358-359, 2000-Ohio-182, 738 N.E.2d 1208; *State v. Campbell*, 90 Ohio St.3d 320, 324-325, 2000-Ohio-183, 738 N.E.2d 1178. Therefore, "[i]n a case in which the trial court has imposed sentence without first asking the defendant whether he or she wishes to exercise the right of allocution created by Crim.R. 32(A), resentencing is required unless the error is invited error or harmless error." *Campbell*, 90 Ohio St.3d at paragraph three of the syllabus.

**{¶ 8}** This court has previously recognized that the right of allocution under Crim.R. 32(A) applies to resentencing. *State v. Norris*, Cuyahoga App. No. 95485, 2011-Ohio-1795; *State v. Chambers*, Cuyahoga App. No. 89319, 2008-Ohio-3017; *State v. Bolton* (2001), 143 Ohio App.3d 185, 190, 757 N.E.2d 841.[1] We acknowledge that the trial court's failure to personally address the defendant is not prejudicial in every case and that there have been instances where the failure to strictly comply with Crim.R. 32(A)(1) has been found harmless. However, in this case, the resentencing transcript reflects that the court did not afford King her right to make a statement or permit her to offer information in mitigation of punishment. While the court did allow defense counsel to speak, the court failed to personally address King and did not give her any opportunity to speak. It is evident that King was not afforded the right of allocution at her resentencing, and there are no factors warranting a finding of invited or harmless error.

**{¶ 9}** We find that King was deprived of her right to allocution and is again entitled to resentencing on the specified counts. However, we emphasize that consistent with the premise of the Ohio Supreme Court's decision in *State v. Saxon*, 109 Ohio St.3d

---

[1] We recognize that there have been instances where this court has stated that Crim.R. 32(A) does not apply to resentencing. See, e.g., *State v. Coleman*, Cuyahoga App. No. 94866, 2011-Ohio-341; *State v. Craddock*, Cuyahoga App. No. 94387, 2010-Ohio-5782, ¶ 13; *State v. Huber*, Cuyahoga App. No. 85082, 2005-Ohio-2625; *State v. Taylor* (Oct. 29, 1992), Cuyahoga App. No. 63295. These cases, however, involved only a determination of whether the trial court had violated that portion of Crim.R. 32(A) that provides that "[s]entencing shall be imposed without unnecessary delay." We find the court's pronouncement about Crim.R. 32(A) in these cases to be limited to the issue of delay in resentencing and not an indication that the remaining provisions of Crim.R. 32(A), which set forth the court's duty when imposing sentence, do not apply to resentencing.

176, 2006-Ohio-1245, 846 N.E.2d 824, her right of allocution is confined to the matters remanded to the court for resentencing. Her first assignment of error is sustained.

{¶ 10} King's second assignment of error provides as follows: "2. [King] was denied due process of law when the court failed to properly inform defendant concerning post-release control."

{¶ 11} King states that she was improperly advised of postrelease control at the time of her plea and at the original sentencing. We already determined in her first appeal that prior to accepting King's guilty pleas, the trial court "fully apprised King of * * * the possibility of the imposition of postrelease control" and that King's plea was entered knowingly, intelligently, and voluntarily. *King*, 184 Ohio App.3d 226, at ¶ 30. Although the record reflects that the trial court did not give a statutorily compliant advisement at the original sentencing, the trial court remedied this by giving a proper advisement at the resentencing hearing. Nevertheless, since the first assignment of error requires us to reverse and remand for resentencing, the trial court should include a proper advisement of postrelease control at resentencing.

{¶ 12} King's third assignment of error provides as follows: "3. [King] was denied due process of law when the court issued an incomprehensive sentence not in conformity with the prior ruling by this court."

{¶ 13} In the prior appeal, this court remanded the matter to the trial court for resentencing only on Counts 33, 35, 42, 47, and 56 in CR-474651. *King*, 184 Ohio App.3d 226, at ¶ 44. This was done in accordance with the Ohio Supreme Court's

decision in *Saxon*, 109 Ohio St.3d 176, which rejected the sentencing-package doctrine and held that a complete resentencing is not required when a defendant on appeal prevails on a challenge only as to an individual offense in a multiple-offense case. Id. This court held as follows: "The record in this case demonstrates that the trial court complied with its statutory duties as to all but Counts 33, 35, 42, 47, and 56 of CR-474651. Only the sentence for those missing counts require another hearing. [*Saxon*, at ¶ 17]; *State v. Simmons*, Cuyahoga App. No. 89573, 2008-Ohio-1100. Thus, while the trial court must rectify the specific sentencing errors as to Counts 33, 35, 42, 47, and 56 in CR-474651, based on the Ohio Supreme Court's holding in *Saxon*, the trial court does not have authority to modify other aspects of King's sentences that were not subject to the assignments of error or for which we did not find plain error. See *Saxon*, at ¶ 10, 11, 19, 30." *King*, at ¶ 40.

{¶ 14} The trial court adhered to this court's mandate and imposed a sentence of 12 months on each of the remanded counts, "all to run concurrent and concurrent to all other cases." While the trial court did not pronounce all of the other sentences, the court indicated that "we're here because the proper sentences weren't imposed on several counts" and that the sentences were being imposed "in addition to the other sentences that were imposed upon her[.]" The total aggregate sentence of 16 years, 11 months, which accounts for the dismissal of CR-409062, remained unchanged and was readily ascertainable. Our review of the record reflects that the trial court complied with the

mandate of this court during the resentencing hearing.[2]  Finding no merit to King's argument, we overrule her third assignment of error.

{¶ 15} King's fourth assignment of error provides as follows: "4. [King] was denied due process of law when the court imposed consecutive sentences without any findings."

{¶ 16} The trial court was not required to engage in judicial fact-finding prior to imposing consecutive sentences.  *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, paragraph three of the syllabus.  King's fourth assignment of error is overruled.

{¶ 17} King's fifth assignment of error provides as follows:  "5. [King] was denied due process of law when court costs were assessed in the journal entry of sentence but not in open court."

{¶ 18} In *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, the Ohio Supreme Court held that the trial court erred in imposing costs in its sentencing entry when it did not impose those costs in open court at the sentencing hearing.  The court noted that the defendant "was not given an opportunity at the sentencing hearing to seek a waiver of the payment of costs, because the trial court did not mention costs at the sentencing hearing."  Id. at ¶ 13.

---

[2]  It is also evident that the corrected journal entry references the defense counsel who was present at the original sentencing proceeding.

**{¶ 19}** The record in this case reflects that no mention of court costs was made by the trial court at either the original sentencing or the resentencing hearing. We do not find that the error was harmless in this case. Upon remand, the trial court must allow King to move for a waiver of the payment of court costs. Id. at ¶ 23; *State v. Stevens*, Cuyahoga App. No. 95011, 2011-Ohio-729, ¶ 8. King's fifth assignment of error is sustained.

**{¶ 20}** We reverse and remand this case for resentencing on only Counts 33, 35, 42, 47, and 56 in CR-474651. We vacate the sentence on those counts only. On remand, the trial court must allow King to move for the waiver of the payment of court costs and rule upon any such motion within a reasonable time. Any imposition of costs must be made in open court at resentencing. Also, at the resentencing hearing, the trial court shall afford King her right of allocution in accordance with Crim.R. 32(A), shall sentence her on the aforementioned counts, and shall impose proper postrelease control.

Judgment reversed and cause remanded for resentencing in accordance herewith.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

JAMES J. SWEENEY, P.J., and
LARRY A. JONES, J., CONCUR